UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case Number 06-20172-BC
v.                                         Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

        Defendant.
_____ /

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, DENYING DEFENDANT'S MOTION TO DELINEATE AND SETTING AN OCTOBER 5, 2007 DEADLINE TO FILE ADDITIONAL MOTIONS TO SUPPRESS

      Defendant Robert James Ocampo, charged with seven counts of controlled substances and firearms violations in a fourth superseding indictment, previously filed a motion to suppress evidence relating to a traffic stop of co-defendant Jose Sandoval ("Sandoval"). The Court considered the parties' submissions and conducted an evidentiary hearing on April 9, 2007. At the conclusion of the hearing, the Court denied Defendant's motion to suppress evidence seized as a result of the traffic stop of Sandoval, finding that Defendant did not have standing to challenge the seizure of the suitcase, as distinct from its contents, found in the back of Sandoval's vehicle that contained sixty pounds of marijuana. The Court issued an order [dkt # 104] on April 13, 2007 denying the Defendant's motion to suppress.

      Additionally, Defendant moved to suppress evidence seized at 410 Sweet Street in Saginaw, Michigan and a storage unit contending the evidence seized was outside the scope of the warrant. The Court denied those motions, but indicated at the April 9, 2007 hearing that if Defendant identified specific evidence beyond the scope of the warrant then the Court would consider a motion to suppress specific to that evidence.

On May 17, 2007, Defendant's counsel withdrew from representation due to conflict between Defendant and counsel, and new counsel was appointed. On August 10, 2007, Defendant filed a motion for reconsideration [dkt # 125] of the Court's April 13, 2007 order denying the motion to suppress. Concurrently, Defendant filed a motion for the government to delineate seized evidence to be offered at trial. On September 13, 2007 the Court heard oral arguments on both motions.

"A motion for . . . reconsideration must be filed within ten (10) days after entry of the judgment or order." E.D. Mich. LR 7.1(g)(1). Defendant filed his motion to reconsider nearly four months after the Court issued the order or his counsel withdrew. Though the Court may refuse to consider the motion, in light of previous counsel's withdrawal, the Court will consider the motion for reconsideration on the merits.

Defendant's motion to suppress was based on the following facts. Defendant was under police surveillance for suspected narcotic trafficking. On February 15, 2006 the police followed Defendant from his residence in Saginaw, Michigan to a restaurant in Detroit, Michigan. At the restaurant, Defendant met and conferred with Sandoval. After the meeting, the two went to the restaurant parking lot and Sandoval took a cardboard box out of his car and gave it to Defendant who placed it in his car, which the government speculates was a cash payment. Soon thereafter, the two got into their respective vehicles and drove off separately.

The next day on February 16, 2006, Defendant again drove from his residence in Saginaw to the same Detroit restaurant. Defendant met the same person, Sandoval, inside the restaurant. After conferring again, each entered his respective car in the restaurant's parking lot and drove to a different restaurant several miles away. Once there, the two parked their vehicles and exited them. Defendant then removed a suitcase from the trunk of his car and placed it into the trunk of

Sandoval's car. Again, the two entered their respective vehicles and drove off in separate directions. Police observed all of these events. As a result, Police pulled Sandoval's car over and requested to search the vehicle. Sandoval consented and the police searched the entire vehicle. The police found the suitcase in Sandoval's trunk and searched it to find approximately sixty pounds of marijuana.

Defendant brought the motion to suppress contending that police did not have a search warrant to check the contents of the suitcase. The Court denied the motion as it found that Defendant gave up any reasonable expectation of privacy in the suitcase and did not have standing to challenge the search. Defendant contends that the Court erred in its earlier ruling, arguing that Defendant had standing to challenge the constitutionality of the search and that the police were required to obtain a valid search warrant. In support of this position, Defendant proffered *United States v. Waller*, 426 F.3d 838 (6th Cir. 2005).

In *Waller*, the Sixth Circuit held that a person temporarily storing personal property at another's residence had a reasonable expectation of privacy in the contents of a suitcase stored inside a closet of that residence. *Id.* at 844-45. The court found that the defendant had a legitimate expectation of privacy in his stored property and had standing to challenge the constitutionality of the search. *Id.* It did so by applying the following two-part test: "First, we ask whether the individual, by conduct, has exhibited an actual expectation of privacy; that is, whether he has shown that he sought to preserve something as private.... Second, we inquire whether the individual's expectation of privacy is one that society is prepared to recognize as reasonable." *Id.* at 844 (quoting *United States v. King*, 227 F.3d 732, 742 (6th Cir. 2000) (quoting *Bond v. United States*, 529 U.S. 334, 338 (2000)))(internal quotations omitted). Moreover, the Court decides the inquiry into "whether a legitimate expectation of privacy exists in a particular place or thing on a case-by-

case basis." *Waller*, 426 F.3d at 844 (quoting *King*, 227 F.3d at 744)(internal quotations omitted).

Comparing the facts of *Waller* and the instant case, Defendant failed to show that he had a legitimate expectation of privacy. In *Waller*, the suitcase in question was stored at a residence in which the defendant "ate, showered and changed clothes." *Waller*, 426 F.3d at 842. Though the defendant did not sleep at the residence, he had access to the residence and used the residence for the specific purpose of safeguarding most of his personal effects because he was without a residence at the time. *Id.* On the contrary, Defendant's suitcase was in the trunk of a third person's automobile. There was no indication that Defendant intended to use Sandoval's trunk as a place to safeguard the suitcase. Defendant maintained his own residence where he stored many of his belongings and there was no indication that Defendant had any right to access Sandavol's trunk. Moreover, the fact that the place was a third party's automobile indicates that Defendant did not exhibit an actual expectation of privacy. By placing it in the trunk, only Sandoval exercised control of the suitcase. Defendant apparently relinquished total control of the suitcase, especially considering the nature of the place of storage–an automobile. Looking at all the relevant circumstances, Defendant placed his suitcase, a singular possession, into a the sole control of Sandoval and into an automobile, which is transient in nature. Unlike the defendant in *Waller*, defendant did not "show[] by his conduct that he sought to preserve the contents of his luggage bag as private." *Id.* at 844. Moreover, the Court finds Defendant's expectation of privacy in a suitcase in the trunk of a car that he was not a passenger, is one that society is not prepared to recognize as reasonable. Thus, the Court finds again that Defendant lacks standing to challenge the validity of the search of Sandoval's automobile and denies Defendant's motion for reconsideration.

Additionally, Defendant moved for the government to delineate the evidence that it intends to offer at trial. A criminal defendant may request that the government give notice of the evidence it intends to use in its case-in-chief in order to provide a defendant with the opportunity to move to suppress the evidence. FED. R. CRIM. P. 12(b)(4)(B). Defendant contends that he is unduly burdened if he must review potential exhibits numbering in the thousands. The government furnished Defendant with a comprehensive inventory of items seized pursuant to the search warrants. Despite the inventory of items, Defendant did not assert an ownership interest in any of the seized items. As such, Defendant has not established standing, at this point, to challenge admissibility of any potential evidence that would compel the Court to grant the motion.

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration of the Court's order denying the motion to suppress the evidence seized as a result of the traffic stop of Jose Sandoval [dkt #s 125] is **DENIED**.

It is further **ORDERED** that Defendant's motion for delineation [dkt # 126] of the evidence seized from the 410 Sweet Street and the self-storage unit is **DENIED**.

It is further **ORDERED** that Defendant will file any further motions to suppress on or before **October 5, 2007**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 18, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 18, 2007.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS