UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                Case Number 06-20172
v.                                                  Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANT'S MOTION FOR DISCOVERY AS MOOT**

      On November 20, 2007, a jury found Defendant Robert James Ocampo guilty of seven narcotics and firearms crimes. On July 9, 2009, Defendant filed a notice of appeal to the Sixth Circuit, which is still pending. Dkt. # 221, *see* case # 08-1930. On March 27, 2009, Defendant, acting pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion asserts the following grounds for vacating the sentence: (1) ineffective assistance of counsel, (2) misapplication of the United States Sentencing Guidelines, (3) violation of his fourth amendment rights, and (4) violation of his due process rights secured by the fifth amendment. Dkt. # 266 at 4-5.

      On April 13, 2009, the Court denied the § 2255 motion without prejudice because Defendant had yet to exhaust his remedies on direct appeal. Dkt. # 268 (citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998)). On April 27, 2009, Defendant moved for reconsideration, arguing that he may advance his ineffective assistance of counsel claim pursuant to § 2255 before completing his direct appeal. Dkt. # 270. Indeed, a claim of ineffective assistance of counsel may initially be brought in a post-conviction motion under § 2255 without advancing the claim on direct appeal.

*United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)).  Notwithstanding that proposition, a § 2255 motion is not a substitute for a direct appeal.  *Capaldi*, 135 F.3d at 1124.  A notice of appeal deprives a district court of jurisdiction to grant relief under 28 U.S.C. § 2255.  *Id.*; *see also United States v. Burchett*, 12 F.3d 214 (Table), 1993 WL 473698, *1 (6th Cir. 1993) (citing *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984)).

Thus, the Court lacks subject matter jurisdiction to address Defendant's motion until the conclusion of his direct appeal.  Thus, the Court will deny the motion for reconsideration and deny as moot Defendant's motion for discovery.

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration [Dkt. # 270] is **DENIED**.

It is further **ORDERED** that Defendant's motion for discovery [Dkt. # 271] is **DENIED** as moot.

                                      s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

Dated: August 10, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 10, 2009.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS