UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                          Case Number 06-20172
v.                        Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

        Defendant.
_____/

## ORDER GRANTING MOTION FOR RETURN OF PROPERTY, DENYING MOTION FOR DEFERMENT OF PAYMENT OF FINES, AND DENYING MOTION FOR SUMMARY JUDGMENT

Defendant Robert James Ocampo was convicted after a jury trial of seven narcotics and firearms counts on November 20, 2007. On July 7, 2008 he was sentenced to more than thirty years in prison. [Dkt. # 223]. Two days later, he filed a notice of appeal to the Sixth Circuit, which is still pending. *See* Case No. 08-1930; [Dkt. # 221]. On March 27, 2009, Defendant, acting pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Dkt. # 266].

On April 13, 2009, this Court denied the § 2255 motion without prejudice because Defendant had yet to exhaust his remedies on direct appeal. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998); [Dkt. # 268]. On April 27, 2009, Defendant moved for reconsideration, arguing that he may advance his ineffective assistance of counsel claim pursuant to § 2255 before completing his direct appeal. [Dkt. # 270]. The Court denied the motion, noting that filing a notice of direct appeal deprives this Court of jurisdiction to hear a § 2255 claim except in "extraordinary circumstances." *Capaldi*, 135 F.3d at 1124; [Dkt. # 274].

Now before the Court are Defendant's motions for "deferment of payment regarding fine

pursuant to U.S.C. 18 § 3742(a)(3)" [Dkt. # 280], "return or [sic] property in coterminous with federal rules of criminal procedure Rule 41 nunc pro tunc" [Dkt. # 276 & 272], and for summary judgment [Dkt. # 291]. The motion for deferment of payment of fines will be **DENIED WITH PREJUDICE**, and the motion for return of property will be **GRANTED**. Because the motion for summary judgment seeks the same relief as the motion for return of property, it will be **DENIED AS MOOT**.

**I**

As part of his sentence, Defendant was ordered to pay a $ 20,000 fine and a $700 assessment, and to participate in the Inmate Financial Responsibility Program. He was ordered to make payments toward the fine in accordance with payment schedules established by the program. [Dkt. # 223]. Defendant's motion for deferment of payment cites a federal statute that provides for the appeal of a sentence, including any fine, if it is "greater . . . than the maximum established in the guideline range . . . ." 18 U.S.C. § 3742(a)(3). Defendant has not alleged that $20,000 is more than the maximum established by the guideline range. Moreover, § 3742 provides for an appeal of the sentence to the United States Court of Appeals, not review on motion by the sentencing court.

Defendant also cites a statute that allows for modification of fine-payment schedules if the Defendant can show a material change in financial circumstances. 18 U.S.C. § 3572(d)(3). Defendant asserts that he earns $18 per month working at the prison and must pay $25 per month on his outstanding fines. [Dkt. # 280 at 2]. However, his exhibits show that he is actually on a quarterly payment plan that withdraws $30 per quarter from his account. [Dkt. # 280 at Ex. C]. Defendants motion and exhibits do not demonstrate a change of circumstances such that he cannot continue to make payments in accordance with the plan established by the financial responsibility

program. The motion for deferment of payment must be denied.

## II

The Defendant has also moved for return of property, specifically $13,962 in U.S. currency and a Sanyo cell phone, that was allegedly seized as part of the federal investigation of this matter. Currency "furnished or intended to be furnished" in exchange for drugs is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). However, the government must follow established procedures when it intends to forfeit currency or other seized items. *See* 18 U.S.C. § 881(b) & (d); 18 U.S.C. § 981(b); 21 U.S.C. §§ 1600–19; Fed. R. Crim. P. 41(g).

Federal law requires that any seizure of property that may be subject to forfeiture be made according to a warrant or an exception to the warrant requirement, 18 U.S.C. § 981(b); that "any motion for return of property" be made in the district court for the district where the property was seized, 18 U.S.C. § 981(b)(3); and that government officials conducting civil forfeitures follow rules governing forfeiture by customs officials. 21 U.S.C.§ 881(d). Those rules require, inter alia, that notice be sent to each party who may have an interest in the property seized and subject to forfeiture. 19 U.S.C. § 1607. Defendant's motion alleges that the government has not commenced forfeiture proceedings in accordance with the statute, or if it has, he was not notified.

Defendant also contends that the portion of the currency that was seized at a February 15, 2006 traffic stop should be returned because it was illegally seized, as this Court held in a November 1, 2007 Order. *United States v. Ocampo*, No. 06-20172-BC, 2007 WL 3227604 (E.D. Mich. Nov. 1, 2007). Federal Rule of Criminal Procedure 41(g) provides that "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The Court

must receive evidence on any factual issue necessary to decide the motion." Moreover, the federal statute governing forfeiture of currency related to trade in controlled substances requires that the initial seizure be made pursuant to a warrant or an otherwise lawful search or arrest.

In response, the government asserts that this Court does not have jurisdiction over the property because it was seized by state police officers and was never in the possession of the federal government, or in the alternative, that Defendant's claim is barred by laches because he did not raise it until more than three years after the seizure took place. *See United States v. Hanserd*, No. 97-1600, 1998 WL 228168 (6th Cir. May 1, 1998); *Carter v. United States*, 160 F. Supp. 2d 805, 815 (E.D. Mich. 2001); *United States v. Mulligan*, 178 F.R.D. 164, 166–67 (E.D. Mich. 1998).

The Court finds the government's first argument that "the court lacks jurisdiction to grant the relief sought" unpersuasive. The currency and cell phone were seized on two separate occasions, during a traffic stop and the execution of a search warrant in Saginaw, Michigan. Although the searches may have been conducted by state authorities, Defendant asserts that they were conducted as part of a federal investigation and pursuant to a federal search warrant. The proper avenue for a return of property seized by the federal government as part of a criminal investigation is by motion in the district court that has jurisdiction over the place where the property was seized. 18 U.S.C. § 981(b)(3); Fed. R. Crim. P. 41(g); *see also United States v. Dusenbery*, 201 F.3d 763 (6th Cir. 2000). Consequently, this Court has jurisdiction to order the return of Defendant's property.

The government's second defense is also unpersuasive. There is a five-year statute of limitations on an administrative forfeiture proceeding as well as on a motion for return of property pursuant to Rule 41(g). 19 U.S.C. § 1621; *Dusenbery*, 201 F.3d 763. The property at issue in this case was seized pursuant to two separate searches in early 2006. The five-year statute of limitations

-4-

...

has not run, and the laches defense is inapplicable.

Moreover, the Court finds that the three-year delay between the seizure of the property and the motion for its return is not unreasonable. In *Carter*, 160 F. Supp. 2d at 815–16, the petitioner knew of the forfeiture at the time of his sentencing in 1994 and did not file a motion for return of his property until 2001, seven years later. In *Mulligan*, 178 F.R.D. at 166, the defendant did not file a motion for return of his property until seven years after it was seized. Moreover, the time period applicable to the laches defense begins to run when the defendant receives actual notice that the government intends to institute civil forfeiture proceedings against the property. *Id.* Here, Defendant contends he has never received that notice, consequently, the time period has not even begun to run.

It is worth noting that forfeiture proceedings may have been conducted under state law, and if they have not, there may be an opportunity to conduct forfeiture proceedings under state or federal law in the future. Furthermore, even if Defendant's property is returned, it will still not be enough to satisfy the outstanding fines imposed as part of his sentence. However, none of those facts relieve the government of its duty to comply with federal rules and procedures governing seized property. The mere assertion in a response to defendant's motion that the government "suspects that the money was forfeited by state authorities" is unpersuasive.

Accordingly, it is **ORDERED** that Defendant's motion for deferment of payment of fines [Dkt. # 280] is **DENIED WITH PREJUDICE**.

It is further **ORDERED** that Defendant's motion for return of property [Dkt. # 276] is **GRANTED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 291] is

**DENIED AS MOOT** because it seeks the same relief as Defendant's motion for return of property.

It is further **ORDERED** that the government shall return to Robert J. Ocampo $11,062 in U.S. currency that was seized pursuant to an unconstitutional search on February 15, 2006 in Saginaw, Michigan by **December 4, 2009** pursuant to Fed. R. Crim. P. 41(g).

It is further **ORDERED** that the government shall return to Robert J. Ocampo $2,900 and a Sanyo phone seized during the execution of a federal arrest warrant on March 16, 2006 in Saginaw, Michigan by **December 4, 2009** pursuant to 18 U.S.C. § 983(a)(3)(B).

It is further **ORDERED** that if for any reason the government lacks legal authority to comply with this order, it shall file with the Court by **December 4, 2009** specific records detailing where the property is located, the name of the person or entity that has possession of the property, the source of that person or entity's authority to retain the property, and the specific reasons why the government did not return the property to Defendant by the deadline.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 30, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 30, 2009.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---

-6-