UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT JAMES OCAMPO,

      *Petitioner,*              CRIMINAL CASE NO: 06-CR-20172
                                           CIVIL CASE NO: 11-CV-13739

v.                                        DISTRICT JUDGE THOMAS L. LUDINGTON
                                           MAGISTRATE JUDGE CHARLES E. BINDER

UNITED STATES OF AMERICA,

      *Respondent.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S SECOND AMENDED MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 416)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART** as follows: **GRANTED** with respect to the double jeopardy claim (Counts 5 and 6) and **DENIED** as to all other claims.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is Robert James Ocampo's ("Ocampo") second amended motion filed pursuant to 28 U.S.C. § 2255, seeking to vacate his federal custodial sentence. (Doc. 416.)

Ocampo was charged in 7 of 36 counts of a Fourth Superseding Indictment with: (1) conspiracy to possess with intent to distribute at least 5 kilograms of a substance containing cocaine and at least 100 kilograms of marijuana in violation of 21 U.S.C. § 846; (2) knowing use

and maintenance of a residence for the purpose of distributing and using controlled substances in violation of 21 U.S.C. §§ 856(a)(1) and 860; (3) distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (4) possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (5) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (6) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(3); and (7) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. 62.) A jury trial was held from November 7, 2007, through November 15, 2007, and November 19, 2007, through November 20, 2007. The jury found Ocampo guilty of all seven counts. (Doc. 161.) On July 10, 2008, judgment entered against Ocampo and he was committed to the custody of the Bureau of Prisons to be imprisoned for "360 months each on Counts 1, 2, 5, and 6; 60 months each on Counts 3 and 4; all terms of incarceration to be served concurrently" and "60 months on Count 7, to be served consecutive to the sentences imposed in Counts 1 through 6." (Doc. 223 at 3.)

Ocampo appealed his conviction and sentence and on November 15, 2010, the Sixth Circuit affirmed his conviction and sentence. (Doc. 330.)[1] Ocampo's appeal alleged "error in the district court's denial of a motion to suppress evidence, exclusion of certain hearsay testimony, denial of a motion to acquit based on the sufficiency of the evidence, failure to act on a purported *Brady* violation, and calculation of his advisory Sentencing Guidelines range." (Doc. 330 at 1.) The Sixth Circuit held that each of Ocampo's claims "lack[ed] merit." (*Id.*) Ocampo filed many other motions that were decided and appealed which are not at issue here. On March 21, 2011, Ocampo's petition for writ of *certiorari* was denied. *Ocampo v. United States*, ___ U.S. ___, 131 S. Ct. 1704, 179 L. Ed. 2d 636 (2011).

---

[1] The mandate issued on January 12, 2011. (Doc. 332.)

2

Ocampo filed the instant second amended motion to vacate sentence (Doc. 416), the government responded (Doc. 420), and Ocampo filed several replies. (Docs. 422, 424, 425, 427, 429.) Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

In the motion, Ocampo asserts the following grounds for relief: (1) "Probable Cause was legally Deficient for Arrest"; (2) "Offense(s) carried in Indictment, Trial and Sentence that are Multiplicious/Duplictious Require Dismissal because they violated Double Jeopardy Clause"; (3) "There was insufficient evidence to convict Ocampo for possession of a firearm in furtherance of a drug trafficking crime"; (4) "District Court's decision to Admit Evidence of Prior Bad Acts that were cumulative, prejudicial and had no probative value requires retrial"; (5) "Denial of *Franks* Hearing was Court Err"; (6) "Overstated Criminal History and Offense Level that was Caused by Improper Classification was Prejudicial"; and (7) "United States District Court's order has denied the petitioner his constitutional due process to raise and present all available claims for relief as set forth at page 12 of the § 2255 form . . . [and the] court's order that limited pages under the local rules denied Ocampo's constitutional right to present a complete defense." (Doc. 416.)

### B. Standard of Review

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v.*

*Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights

4

the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### C.     Analysis & Conclusion

### 1.     Grounds One, Three, Four, Five and Six

Ocampo's grounds one, three, four, five and six challenge the legality of the arrest warrant, the failure of the trial court to hold a *Franks*[2] hearing, the sufficiency of the evidence, the admission of prior bad acts evidence and application of the armed career offender sentencing enhancement. The Sixth Circuit addressed Ocampo's alleged "error in the district court's denial of a motion to suppress evidence, exclusion of certain hearsay testimony, denial of a motion to acquit based on the sufficiency of the evidence, failure to act on a purported *Brady* violation, and calculation of his advisory Sentencing Guidelines range." *United States v. O'Campo*, 402 Fed. App'x 90, 91 (6th Cir. 2010). As to Ocampo's argument that he was improperly classified as an

---

[2]In *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), the Supreme Court defined the showing necessary to challenge a warrant on the ground that the affidavit contains knowingly or recklessly false information.

5

armed career offender, the Sixth Circuit did not reach that issue because it determined that his "status as an armed career criminal does not affect his sentence." *Id.* at 106.[3]

As a result, I suggest that Ocampo's claims under grounds one, three, four, five and six are procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Ocampo has alleged no such exceptional circumstances justifying further review, and the record reveals none.

Although Ocampo argues that the recent case of *Jones v. United States*, ___ F.3d ___, No. 10-5101, 2012 WL 3089348 (6th Cir. July 31, 2012), provides an intervening change in the law regarding the application of the armed career offender sentencing enhancement, this change is of no consequence to Ocampo. The *Jones* court held that the United States Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), should be applied retroactively, and that the retroactive application of *Begay* would change the outcome of Jones's sentence given his past convictions. *Jones*, at *3. In the instant case, Ocampo's sentence was unaffected by any armed career criminal status; thus, the holding in *Jones* could not provide any basis for habeas relief.

As to Ocampo's claims that were not precisely raised on direct appeal, i.e., his claims regarding the legality of the arrest warrant, the failure of the court to hold a *Franks* hearing, the legality of the indictment (double jeopardy), and the admission of prior bad acts evidence (prior

---

[3]The Sixth Circuit detailed: "Standing alone, [Ocampo]'s conviction for possessing a firearm as a felon, with the armed career criminal enhancement, would result in a base offense level of 34 and a criminal history category of VI. But because [Ocampo]'s drug offenses are grouped with the firearm offenses in Counts 5 and 6 for the calculation of his Guidelines range, we take the higher base offense level from these two groups of offenses, in [Ocampo]'s case, this is the base offense level of 37 assigned to the drug offenses. And, Defendant's total of 20 criminal history points, to which he stated no objection below, independently places him in a criminal history category of VI. Therefore, [Ocampo]'s status as an armed career criminal does not affect his sentence and we decline to review it." *Id.*

convictions), these claims, I suggest, are also procedurally defaulted. "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell,* 428 U.S. 465, 477 n.10, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). Moreover, even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States,* 287 F.3d 417, 420 (6th Cir. 2002). The only constitutional allegations raised by Ocampo target the Fourth Amendment and the prohibition against double jeopardy under the Fifth Amendment. Ocampo has not established cause or prejudice sufficient to excuse procedural default of the Fourth Amendment claim. The double jeopardy claims will be discussed below.

In addition, Ocampo's Fourth Amendment claim may not be subject to collateral attack at all. In *Stone v. Powell*, the Court held that Fourth Amendment claims were not cognizable in § 2254 cases where the state defendant had a full and fair opportunity to litigate those issues in court. *Stone,* 428 U.S. at 494. In *United States v. Johnson*, 457 U.S. 537, 563, 102 S. Ct. 2579, 73 L. Ed. 2d 202 (1982), the Court suggested that the same rule applies in § 2255 cases challenging a federal conviction. *See Boone v. United States*, 100 F.3d 956 (6th Cir. 1996); *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009); *United States v. Chapman*, No. 06-cv-11127, 2006 WL 2160967, at *1 (E.D. Mich. July 31, 2006); *Hunt v. United States*, No. 2:09-cv-419, 2010 WL 3703205, at *5 (S.D. Ohio Sept. 17, 2010); *United States v. DeCarlo*, No. 06-2398-B/V, 03-20093-B, 2007 WL 1345320 (W.D. Tenn. May 7, 2007).

Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley v. United States,* 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In the instant case, however, Ocampo has not asserted or

demonstrated actual innocence. I therefore suggest that claims one, three, four, five and six are procedurally barred.

Under several of his grounds, Ocampo mentions, almost as an aside, that his counsel was ineffective. Review of the record, however, makes abundantly clear that counsel zealously argued on behalf of Ocampo, both at the trial and appellate levels, filing numerous motions in limine, including motions to suppress, a motion for judgment of acquittal, a sentencing memorandum, and claims on appeal. (Docs. 79, 80, 81, 84, 85, 125, 126, 136, 150, 154, 213, 220, 221, 330.) I further suggest that counsel cannot be ineffective for failing to raise issues that lacked merit, nor could Ocampo have been prejudiced by any such errors. *See Lockhart, supra*.

### 2.     Ground Two - Double Jeopardy

#### a.     Arguments of the Parties

As to his double jeopardy claims, Ocampo contends that Count 6 (possession of a firearm by an unlawful controlled substance user under § 922(g)(3) is a lessor offense of § 924(e) (ACCA enhancement), that Count 5 (felon in possession under § 922(g)(1) on March 16, 2006) is the lesser offense of Count 6 (possession of a firearm by a person who was an unlawful user of a controlled substance under § 922(g)(3) on March 16, 2006), that Counts 3 and 4 (distribution and possession with intent to distribute marijuana) are lesser offenses of Count 2 (knowing maintenance of a residence for drug trafficking), and that Count 2 is a lesser offense of Count 1 (conspiracy). (Docs. 62, 416 at 11.) Ocampo uses the "common shorthand" for the double jeopardy test by asserting that "one offense is a lesser-included offense of the other." *United States v. Hutchinson*, 448 Fed. App'x 599, 601 (6th Cir. 2012).

The government responds that although Ocampo uses the terms multiplicity[4] and duplicity,[5] it appears that his double jeopardy argument is based on multiplicity. (Doc. 420 at 5 n.4.) The government contends that the trial court's instructions as to the elements of the various counts charged show that each charge had a distinct element, thereby satisfying the *Blockburger*[6] test. (Doc. 420 at 5.) The government raises this same argument with respect to all of Ocampo's double jeopardy claims.

### b. All Double Jeopardy Claims Other than those Raised in Counts 5 and 6

I suggest that the government is correct in arguing that most of Ocampo's double jeopardy arguments lack merit. Count 6 (possession of a firearm by an unlawful controlled substance user under § 922(g)(3)) is not a lesser offense of § 924(e) (ACCA enhancement). *See Rinaldi v. United States*, 434 U.S. 22, 28, 98 S. Ct. 81, 54 L. Ed. 2d 207 (1977); and *United States v. Jackson*, 295 Fed. App'x 572, 573 (4th Cir. 2008). Counts 3 and 4 (distribution and possession with intent to distribute marijuana) are not lesser offenses of Count 2 (knowing maintenance of a residence for drug trafficking). *See United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006). Finally, Count 2 is not a lesser offense of Count 1 (conspiracy). *See United States v. Kelsor*, 665 F.3d 684, 701 (6th Cir. 2011). I therefore suggest that Ocampo's motion be denied as to these grounds.

### c. Double Jeopardy as to Counts 5 and 6

---

[4] Multiplicity "is the charging of a single offense in separate counts of an indictment[,]" i.e., charging "multiple counts of an indictment which cover the same criminal behavior." *United States v. Starks*, 472 F.3d 466, 468-69 (7th Cir. 2006); *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). "The threat of multiple sentences for the same offense raises double jeopardy implications." *Johnson*, 130 F.3d at 1424.

[5] "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002). Although duplicity raises several concerns, the primary concern is the risk that the jury may have convicted the defendant by a nonunanimous verdict. *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007).

[6] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

9

However, I suggest that Ocampo's argument with respect to Counts 5 and 6, i.e., felon in possession under § 922(g)(1) on March 16, 2006, and possession of a firearm by a person who was an unlawful user of a controlled substance on March 16, 2006, under § 922(g)(3), is meritorious.

"[G]enerally, possession is a course of conduct; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm." *United States v. Rivera*, 77 F.3d 1348, 1351 (11th Cir. 1996) (citations omitted). "Where there is no proof that possession of the same weapon is interrupted, the [g]overnment may not arbitrarily carve a possession into separate offenses." *Id.* Thus, double jeopardy protects against governmental attempts to charge and punish separate counts where possession was a continuous course of conduct. *Id.* at 1352. In addition, "simultaneous possession of a firearm and ammunition should be punished as one offense." *United States v. Hall*, 77 F.3d 398, 402 (11th Cir. 1996).

However, where different weapons are possessed at different times or places and are not part of a continuous course of conduct, the government may properly charge and seek punishment for multiple counts. *United States v. Jones*, 601 F.3d 1247, 1259 (11th Cir. 2010). Moreover, where charges are based on different conduct, i.e., multiple courses of conduct, even with the same firearm or ammunition, the charges are not considered lesser-included offenses of one another and conviction on both charges does not violate double jeopardy. *United States v. Ogden*, 685 F.3d 600, 603 (6th Cir. 2012); *see also United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002). In addition, "[u]sing the same evidence to prove violations of two statutes does not violate *Blockburger*" so long as "each provision requires proof of a fact which the other does not." *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008) (citing *Blockburger*, 284 U.S. at 304).

10

In the instant case, Ocampo was charged, convicted and sentenced under Counts 5 and 6 for possession of the same two firearms on March 16, 2006, while being a convicted felon under § 922(g)(1) and while being a person who was an unlawful user of a controlled substance under § 922(g)(3). (Doc. 62 at 7.) Therefore, he was convicted under the two subsections, rather than one, based solely on his status as both a felon and a controlled substance user.

The government again argues that the *Blockburger* test is satisfied and, thus, there is no double jeopardy violation as to Ocampo's convictions under § 922(g)(1) and (3). Although such an argument has been posited and accepted by some of the circuit courts in the past, *see, e.g., United States v. Peterson*, 867 F.2d 1110 (8th Cir. 1989), since then, circuit courts across the nation have uniformly held "that Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition." *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006) (collecting cases); *accord United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007). Courts have noted that the "*Blockburger* test [] is simply a tool to apply if a court cannot discern Congressional intent" and that "circuit courts have uniformly held that Congress did not intend for a defendant to be sentenced under more than one of § 922(g)'s subdivisions for a single instance of firearm or ammunition possession." *United States v. Poepoe*, No. CR 07-00235 JMS, 2007 WL 2122191, at *2 (D. Hawaii July 20, 2007).

The Sixth Circuit has agreed with courts which have held "that the subdivisions of § 922(g) do not support separate sentences for a single criminal act." *United States v. Modena*, 430 Fed. App'x 444, 446 (6th Cir. 2011). "A district court thus cannot impose multiple punishments on a defendant who commits one act of possession yet is both a felon and a domestic-violence misdemeanant." *Id.* However, the government may charge more than one count under § 922(g),

11

as long as punishment is not imposed on the defendant for more than one count under § 922(g). *Id.* In the instant case, I suggest that such imposition has occurred.

Once a violation had been established, the en banc court in *Richardson* directed the district court on remand to "vacate the sentence, merge the counts of conviction into one count, and resentence the defendant based on a single conviction . . . ." *Richardson*, 439 F.3d at 423. This remedy has been applied in cases after *Richardson* rather than "retrial under just one theory of liability." *United States v. Platter*, 514 F.3d 782, 878 (8th Cir. 2008).

It has been argued that where, as here, the multiplicitous sentences under Counts 5 and 6 were imposed concurrently, there is no miscarriage of justice in allowing them to stand. *Parker*, 508 F.3d at 440-41. However, such an argument runs counter to Supreme Court precedent. *Id.* at 441 (citing *Rutledge v. United States*, 517 U.S. 292, 302, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996) ("the collateral consequences of a second conviction make it as presumptively impermissible to impose as it would be to impose any other unauthorized cumulative sentence"); and *United States v. Shea*, 211 F.3d 658, 673 (1st Cir. 2000) (although government "is entitled to get both theories [of liability under § 922(g)] to the jury," "relief should be granted as to the sentence" even though the sentences ran concurrently and the only practical difference made by the second sentence under § 922(g) was a $50 special assessment)). I therefore suggest that Ocampo's motion to vacate sentence be granted in part, that his convictions under Counts 5 and 6 be merged into one conviction and that he be resentenced based on this single conviction.

3. **Ground Seven**

Ocampo complains that the "United States District Court's order has denied the petitioner his constitutional due process to raise and present all available claims for relief as set forth at page 12 of the § 2255 form" and that the "court's order that limited pages under the local rules, denied

Ocampo's constitutional right to present a complete defense." (Doc. 416.) However, "enforcing page limits and other restrictions on litigants is rather ordinary practice that does not violate due process." *Thomason v. Ludwick*, No. 2:09-11012, 2011 WL 2693361, at *13 (E.D. Mich. July 12, 2011) (citing *Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997)).

### 4.   Conclusion

I therefore suggest that Ocampo has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable, except with respect to his double jeopardy claim regarding counts 5 and 6. I therefore suggest that the § 2255 motion be denied in all respects except with regard to his double jeopardy claim raised in counts 5 and 6.

### D.   Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant

13

a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Ocampo is not entitled to a hearing on the allegations raised in his motion.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                               s/ *Charles E Binder*
                                               CHARLES E. BINDER
Dated: September 5, 2012                   United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Robert James Ocampo # 03204-032, Florence FCI, P.O. Box 6000, Florence, CO 81226.

Date: September 5, 2012                          By  s/Patricia T. Morris
                                                               Law Clerk to Magistrate Judge Binder