UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,

                                                    Case No. 06-20172-01

v.                                               Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

       Defendant-Petitioner.

_____ /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR INJUNCTION**

On January 28, 2013, an opinion and order was entered granting in part and denying in part Petitioner's § 2255 motion. ECF No. 459. A judgment was also entered that day. ECF No. 460.

On February 14, 2013, Petitioner filed a notice of appeal noting his appeal to the Sixth Circuit. ECF No. 462. The following day, Petitioner filed a motion entitled "motion for injunction pending an appeal pursuant to Fed. R. Civ. P. Rule 62.1(a)(1)." ECF No. 466. Petitioner explains that he "wishes to employ precautionary measures from this motion — so the court may hold in abeyance his forthcoming motion under Rule[s] 52(b) and 59(e)" while his appeal is pending.

Petitioner, however, has not yet filed a motion pursuant to either Rule 52 or 59. And the Court cannot defer considering a motion that does not exist. Rule 62.1 provides in pertinent part:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

-2-

Fed. R. Civ. P. 62.1(a). First enacted in 2009, the rule thus provides that if a party files a motion for relief from judgment that the trial court lacks the authority to grant because the case is on appeal, the trial court has four options. It can defer ruling on the motion, deny the motion, indicate that it would grant the motion, or indicate that the motion raises a substantial issue. The advisory committee notes elaborate:

> This new rule adopts for any motion that the district court cannot grant because of a pending appeal[,] the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1 advisory committee's note; *see generally* 11 Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 2911 (Supp. 2011) (discussing Rule 62.1).

The operation of the rule is illustrated by *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119 (N.D. Cal. 2011), *aff'd sub nom Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012), *cert, granted sub nom Hollingsworth v. Perry*, 133 S. Ct. 786 (2012). In *Perry*, same-sex couples challenged "a California constitutional provision that redefined marriage in California solely to encompass a union between one man and one woman." 790 F. Supp. 2d at 1121. The plaintiffs argued that the provision, known as Proposition 8, violated their rights under the federal Constitution. *Id*. The government-defendants refused to defend the provision. The official proponents of Proposition 8, however, intervened to defend its constitutionality. At the conclusion of the bench trial, the Honorable Vaughn R. Walker entered judgment for the plaintiffs and enjoined enforcement of the provision. *Id*. The defendant-intervenors appealed to the Ninth Circuit. While the appeal was pending, Judge Vaughn retired. *Id*. "After he had retired, and while the appeal was pending, a newspaper article reported that Judge Walker shared that he is gay and

that he was in a same-sex relationship at the time when he was presiding over this case." *Id*. The defendant-intervenors then moved to vacate the judgment pursuant to Rule 60(b), arguing that "Judge Walker was disqualified from presiding over the case because his same-sex relationship was, or reasonably appeared to be, a non-pecuniary interest that could be substantially affected by the outcome of the case." *Id*. Addressing the issue, the court (the Honorable James Ware presiding) first noted:

> Fed. R. Civ. P. 60(b) prescribes the grounds for moving to vacate a district court judgment. A permissible ground for moving to vacate a judgment is that the district court judge who presided over the case was disqualified. Once an appeal from a judgment is filed, the district court is ousted of jurisdiction to take certain actions. However, Fed. R. Civ. P. 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because an appeal that has been docketed and is pending, the [district] court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Therefore, notwithstanding the pending appeal of the Judgment, the Court has jurisdiction to hear this Motion.

*Id.* at 1122–23 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862–63(1988); *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007)).[1]

In this case, unlike in *Perry*, there is no pending motion. Rather, Petitioner has simply filed a Rule 62(a)(1) motion. As noted, the Court cannot defer considering a motion that has not been filed.

---

[1] The court went on to deny the defendant-intervenors' motion to vacate, observing that "the mere fact that a judge is in a relationship with another person — whether of the same or the opposite sex — does *not ipso facto* imply that the judge must be so interested in marrying that person that he would be unable to exhibit the impartiality which, it is presumed, all federal judges maintain." *Id.* at 1131. The court continued: "The presumption that Judge Walker, by virtue of being in a same-sex relationship, had a desire to be married that rendered him incapable of making an impartial decision, is as warrantless as the presumption that a female judge is incapable of being impartial in a case in which women seek legal relief. On the contrary: it is reasonable to presume that a female judge or a judge in a same-sex relationship is capable of rising above any personal predisposition and deciding such a case on the merits." *Id.* at 1133.

-4-

Accordingly, it is **ORDERED** that Petitioner's motion for an injunction pursuant to Fed. R. Civ. P. Rule 62.1(a)(1) (ECF Nos. 466) is **DENIED**.

 s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 26, 2013

<div style="border:1px solid;background:#ddd;padding:8px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Robert James Ocampo #03204032 at Florence Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 6000, Florence, CO 81226 by first class U.S. mail on February 26, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>