UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT JAMES OCAMPO,

        Petitioner,                      Case No. 06-20172

v                                        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION AND CORRECTING CLERICAL ERRORS**

On February 5, 2014, this Court issued an order transferring Ocampo's motion to vacate to the Sixth Circuit. ECF No. 507. The Court determined that the motion to vacate was a "second or successive motion" under § 2244, and therefore Ocampo had to first request permission from the Court of Appeals for the Sixth Circuit.

Ocampo filed a motion for reconsideration, asserting (1) that the Court improperly construed his § 2255 motion as a § 2254 motion; (2) that the Court mischaracterized Count 1 of the indictment; and (3) that his motion was not a second or successive motion under § 2244. Because Ocampo has not shown a "palpable defect" in the Court's order transferring his § 2255 motion, Ocampo's motion for reconsideration will be denied.

**I**

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is

"obvious, clear, unmistakable, manifest, or plain." Id. at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id.* (quoting E.D. Mich. 7.1(h)(3)).

**II**

Ocampo filed a motion for reconsideration on February 25, 2014, one day late. See E.D. Mich. Local Rule 7.1(h) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."). However, because the Court prefers to decide cases on the merits rather than on technicalities, the Court will address Ocampo's motion for reconsideration on the merits.

**A**

Ocampo's first two claims—that the Court improperly construed his motion and mischaracterized his conviction—concern clerical errors. Ocampo first claims that the Court erred by improperly construing his § 2255 motion as a § 2254 motion. As Ocampo was convicted in federal court, § 2255 is the proper vehicle for his habeas petition. *See Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (§ 2254 provides collateral relief from state criminal judgments while § 2255 provides collateral relief from federal criminal judgments). However, page one of the order states "Because the motion constitutes a successive habeas petition within the meaning of *28 U.S.C. § 2254(b)(3),* the Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit." ECF 507 at 1 (emphasis added).

The Court's reference to 28 U.S.C. § 2254(b)(3) was a clerical error; the correct citation should be 28 U.S.C. § 2244(b)(3). Federal Rule of Civil Procedure 60(a) provides that "the court may correct a clerical mistake or mistake arising from oversight or omission whenever one is

found in a judgment, order, or other part of the record." The Sixth Circuit Court of Appeals has explained that "[t]he basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (2002).

The correct citation, § 2244(b)(3), requires a petitioner to seek permission from the Court of Appeals before filing a second or successive habeas petition. In contrast, the erroneous citation, § 2254(b)(3), refers to the exhaustion requirement for state criminal judgments, and does not make sense in the context of the order's sentence. Accordingly, the sentence citing §2254(b)(3) was a clerical error, and should have referred to § 2244(b)(3) instead.

Ocampo's second claim also arises from a clerical error. In its order, the Court stated that Ocampo had been convicted of seven crimes, including violation of 21 U.S.C. § 846 (Count 1). ECF 507 at 1. As Ocampo correctly points out, in Count 1 he was charged with violating not just 21 U.S.C. § 846, but also § 21 U.S.C. 841and § 21 U.S.C. 860. ECF No. 62. This clerical error had no effect on the Court's ultimate decision to transfer the case to the Sixth Circuit.

Accordingly, these two clerical errors are not "palpable defects" that require the Court to consider its order to transfer Ocampo's motion to vacate.

**B**

Ocampo's third claim alleges that this Court erred in determining that his motion to vacate was a "second or successive motion" within the meaning of § 2244. As Ocampo acknowledges, he has previously filed a motion seeking relief under 28 U.S.C. § 2255. *See* ECF No. 416. Ocampo has also made at least two requests to file a successive petition with the Sixth Circuit; both requests were denied. *See* ECF No. 513 and ECF No. 497.

As the Court noted in its February 5, 2014 order, a petitioner must first seek authorization from the Sixth Circuit Court of Appeals before filing a "second or successive" § 2255 motion. *See* 28 U.S.C. § 2255(h). The Court determined that Ocampo's motion was a "second or successive motion" and therefore transferred it to the Sixth Circuit Court of Appeals.

Ocampo seeks reconsideration of the order transferring his motion, claiming that the motion should not count as a second or successive petition in the wake of the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010). In *Magwood*, the Supreme Court held that a state prisoner's petition for federal habeas relief did not count as "second or successive" under 28 U.S.C. § 2244(b), when the petition challenged a new sentence imposed after a federal district court had granted an earlier habeas petition and vacated the prisoner's initial sentence. "Although the *Magwood* rule was announced in the context of § 2254 . . . the rule applies with equal force to § 2255 . . . ." *Ajan*, 731 F.3d at 631.

Ocampo claims that his situation is analogous to the *Magwood* petitioner's because his first § 2255 petition resulted in his conviction and sentence on count 6, § 922(g)(3), being vacated on January 28, 2013.[1] Arguably, then, this January 2013 judgment created an opportunity for Ocampo to seek relief under § 2255 without first securing the Sixth Circuit's authorization to file a second or successive motion. However, this opportunity is not open-ended; rather, it is sharply circumscribed in a respect that is fatal to Ocampo's motion.

The Sixth Circuit has emphasized that a post-resentencing § 2255 motion avoids "second or successive" treatment only to the extent that it complains of errors that "originate[d] at resentencing . . . ." *Lang v. United States*, 474 F.3d 348, 351-53 (6th Cir. 2007). Indeed, only

---

[1] The Court did not conduct new sentencing proceedings prior to the entry of Judgment on January 28, 2013. Rather, the Court issued an amended judgment vacating Ocampo's conviction and sentence on Count 6. Nonetheless, the Court assumes, for the present purposes only, that the entry of this judgment was akin to a resentencing that, under *Magwood*, triggers an opportunity to bring a § 2255 motion.

- 4 -

when a petitioner seeks to "challenge the relief granted" during the resentencing does *Magwood* apply. *Ajan*, 731 F.3d at 631.

Not one of Ocampo's claims challenges the relief granted during his resentencing, and therefore *Magwood* does not apply. In Ocampo's current motion to vacate, he asserts five constitutional claims: four ineffective assistance of counsel claims[2] (Grounds 1, 2, 3, and 5) and one claim for relief pursuant to *Alleyne v. United States* (Ground 4). Ground 1 asserts that his counsel should have investigated, objected to, or challenged Counts 1 and 2 of the indictment "as being illegally constructed." Ground 2 asserted that his counsel should have investigated, objected to, or challenged the court's "subject-matter-jurisdiction on its conviction of aggravated crimes imposed as sentencing factors" on Count 1 and Count 5 of the indictment. Ground 3 asserts that his counsel should have investigated, objected to, or challenged Ocampo's "actual innocence of aggravated convictions alleged violated" in Counts 5, 6,[3] and 7 in the fourth superseding indictment. Finally, Ground 5 asserts that his counsel provided ineffective assistance during the plea bargaining process. Not one of these ineffective assistance claims challenges the new sentence imposed by the amended judgment; rather, each of these claims could have been included in Ocampo's original § 2255 motion to vacate.

Indeed, the Sixth Circuit has already denied Ocampo's requests to file a successive motion based on Grounds 2, 3, 4, and 5. In its February 14, 2014 order, the Sixth Circuit denied Ocampo's request to file a successive petition on the grounds that: (1) the district court was without jurisdiction to convict and sentence him to an aggravated crime (Ground 2) and (2) actual innocence (Ground 3). In addition, in an order dated October 22, 2013, the Sixth Circuit

---

[2] In its previous order, ECF No. 507, the Court erroneously stated that Ocampo was asserting three claims for ineffective assistance of counsel.

[3] As noted above, Ocampo's conviction and sentence on Count 6 pursuant to his first motion to vacate.

denied Ocampo's request to file a successive petition on the grounds that his counsel provided ineffective assistance during plea negotiations (Ground 5).

In addition to Ocampo's ineffective assistance claims, Ground Four asserts that Ocampo's conviction and sentence violates his 5th, 6th, and 14th Amendment rights, especially in light of the Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). However, the Sixth Circuit has also denied Ocampo's request to file a successive petition on this grounds: "*Alleyne* cannot provide the basis for an order authorizing a second or successive § 2255 motion." ECF No. 513 at 4. The Sixth Circuit has already denied Ocampo's requests to file a successive § 2255 motion with regard to at least four of his claims, and this Court is without power to alter those decisions.

### III

Ocampo's motion for reconsideration does nothing to undermine the Court's conclusion in its opinion and order dated February 5, 2014. He has not demonstrated any palpable defect by which the Court was misled, and his motion for reconsideration will be denied. In addition, the Court's February 5, 2014 Order contains two clerical errors, which will be corrected.

Accordingly, it is **ORDERED** that Ocampo's motion for reconsideration (ECF No. 516) is **DENIED**.

It is further **ORDERED** that second sentence of the Court's February 5, 2014 Order (ECF No. 507) is **CORRECTED** to read as follows:

> Because the motion constitutes a successive habeas petition within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit.

It is further **ORDERED** that the third sentence of the Court's February 5, 2014 Order (ECF No. 507) is **CORRECTED** to read as follows:

In November 2007, a jury convicted Ocampo of seven crimes: (1) conspiracy to possess with intent to distribute at least 5 kilograms of a substance containing cocaine and at least 100 kilograms of marijuana, 21 U.S.C. §§ 846, 841, and 860; (2) knowing use and maintenance of a residence for the purpose of distributing and using controlled substances, 21 U.S.C. §§ 856(a)(1) and 860; (3) distribution of marijuana, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (4) possession with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (5) felon in possession of a firearm, 18 U.S.C. § 922(g)(3); and (7) possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).

In all other respects, the February 5, 2014 Order remains unchanged.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 5, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Robert James OCampo #03204032 at Florence Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 6000, Florence, CO 81226 by first class U.S. mail on March 5, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS