UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT JAMES OCAMPO,

        Petitioner,                  Case No. 06-20172

v                                     Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER DENYING IN PART MOTION FOR RELIEF FROM JUDGMENT AND TRANSFERRING REMAINING CLAIMS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner Robert James Ocampo has moved for relief from the Court's Judgment on 2255 Motion and Amended Judgment. *See* ECF No. 460, 461. After reviewing the motion, the Court concludes that three of Ocampo's arguments are "claims" that must be treated as second or successive habeas corpus petitions that require transfer to the United States Court of Appeals for the Sixth Circuit. The Court also concludes that one of Ocampo's arguments has already been denied by the Sixth Circuit, and therefore this Court will dismiss the argument.

**I**

Ocampo is a federal prisoner proceeding pro se. After a jury convicted him of seven counts in 2007, Ocampo began a lengthy and tortuous appeals process. Although Ocampo has filed a number of appeals, the most relevant to the instant decision concerns Ocampo's motions to vacate his conviction pursuant to § 2255.

Ocampo filed his motion to vacate in August 2011, which this Court granted in part and denied in part. *See* Judgment on 2255 Motion, ECF No. 460. As a result of the Court's granting

the motion to vacate in part, the Court entered an Amended Judgment in the underlying case. *See* ECF No. 461. Ocampo appealed, and the Sixth Circuit affirmed this Court's conclusion

Ocampo then filed a motion for authorization to file a second or successive habeas petition, which the Sixth Circuit Court of Appeals denied.

On January 22, 2014, he filed a motion to vacate his sentence under 28 U.S. 2255, which the Court construed as second or successive habeas petition and transferred to the Sixth Circuit. On the same day that Ocampo filed a Motion for Relief From Judgment pursuant to Rule 60(b), challenging the Court's decision in his original § 2255 petition and the Amended Judgment.

**II**

As a threshold matter, the Court must decide whether it has the authority to consider Ocampo's Rule 60(b) motion. *Tyler v. Anderson*, 2014 WL 1465040, at *6 (6th Cir. Apr. 15, 2014). A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). If a 60(b) motion is found to be a second or successive habeas petition, then the Court must transfer the motion to the Sixth Circuit Court of Appeals.

Petitioner seeks relief pursuant to 60(b), which authorizes a federal court to relieve a party from a final judgment. Generally, "whether a Rule 60(b) motion may proceed in the habeas context depends on the nature of the relief the motion seeks." *Gonzalez*, 545 U.S. at 539 (Stevens, J., dissenting). A Rule 60(b) motion that asserts a basis for relief under federal law from a state court judgment of conviction states a "claim" and should be treated as a successive habeas petition. *Id.* at 530-31. A motion under Rule 60(b) advances a "claim" if it asserts a new ground for relief, seeks leave to present newly discovered evidence, maintains that a change in

the substantive law justifies relief, or attacks the federal court's previous resolution of a claim on the merits.

In contrast, a motion that attacks "some defect in the integrity of the federal habeas proceedings" does not assert a "claim." *Id*. at 532. And "[w]hen no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at 533. In other words, as long as the motion does not address substantive federal grounds for setting aside the conviction, the Rule 60(b) motion will be allowed to proceed in the district court.

Ocampo's nominal 60(b) motion presents "4 arguments utilizing 5 grounds of Rule 60(b)":

- A. Was judgment order [Doc.'s 459, 460] that denied **Granted in Part** of § 2255 Certificate of Appealibility 'COA' inadvertantly made in error, under law, when COA was not required under the Court's Amended Judgment in the criminal case?

- B. Was the judgment order [Doc. 459] that **Denied in Part** § 2255 defendant's factual and actual innocence via procedural default, plain error, based on new intervening change of law held in Mcquiggin v. Perkins, No. 12-126?

    That propositions that no procedural bar is to be held on actual innocence.

- C. Is the Habeas Amended Judgment void for its reinstatement of aggravated crimes statute 'element' terms? Based on its lack of subject-matter-jurisdiction to the 'elements' not found by the jury?

- D. Does obligations under the Court's judgment continuing degree [supervised release] allow for modification of judgment, when the judgment's prospective effects are no longer permitted constitutionally? [sic throughout]

Motion for Relief from Judgment, ECF No. 501 (emphasis original). The Government contends that Ocampo's second, third, and fourth arguments are "claims" within the meaning of *Gonzalez*,

and therefore qualify as a second or successive habeas petition that must be transferred to the Sixth Circuit. The Court will address each of these arguments in turn.

Ocampo's second argument—that there was "plain error, based on new intervening change of law"—is a type of "claim" expressly addressed by Gonzalez. Noting that "a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent" the AEDPA's strict requirements, the Supreme Court concluded that such a claim should be construed as a second or successive petition for habeas corpus. *Gonzalez*, 545 U.S. at 531-32. Accordingly, Ocampo's second argument will be construed as a second or successive petition for habeas corpus and will be transferred to the Sixth Circuit Court of Appeals.

Ocampo's third argument is that the "non-jury finding to all aggravated statute terms . . . are void, when they are not supported by niether indictment and or jury findings to justify their subject-matter-jurisdiction [sic throughout]. . . ." ECF No. 501 at 11-12. This argument—to the extent it can be deciphered—is based on the Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Alleyne*, however, was decided after the Court entered its amended judgment and thus represents another attempt by Ocampo to rely on an intervening change in the law to present a new "claim." Accordingly, Ocampo's third argument will be construed as a second or successive petition for habeas corpus and will be transferred to the Sixth Circuit Court of Appeals.

Ocampo's fourth argument appears to be subdivided into four propositions: (1) *Alleyne* should be applied retroactively; (2) the Court lacks subject matter jurisdiction pursuant to *Alleyne*; (3) actual innocence; and (4) violation of the equal protection clause. As to the first proposition, the Sixth Circuit has already explicitly held that *Alleyne* is not to be applied

retroactively—despite Ocampo's assertions to the contrary. *See* ECF No. 513 ("Ocampo's reliance upon *Alleyne* is misplaced. . . . the Supreme Court did not indicate that the *Alleyne* decision should have retroactive application . . . ."). Moreover, as described above, *Alleyne* is an intervening change in the law, and to the extent that Ocampo's fourth argument relies on it, his fourth argument is a "claim" that must be transferred to the Sixth Circuit.

As to Ocampo's third and fourth propositions—actual innocence and violation of the equal protection clause—these are substantive claims that assert new grounds for relief, which is explicitly prohibited under *Gonzalez*. 545 U.S. at 532 ("A motion that seeks to add a new ground for relief . . . will of course qualify [as a motion that advances a 'claim']"). Accordingly, to the extent that Ocampo's fourth argument seeks to advance actual innocence and violation of the equal protection clause, these are "claims" that must be transferred to the Sixth Circuit Court of Appeals.

In summary, Ocampo's second, third, and fourth arguments are "claims" within the meaning of Gonzalez, and therefore they qualify as a second or successive habeas petition claims that must be transferred to the Sixth Circuit.

**II**

The Government does not contend that Ocampo's first argument is a "claim" within the meaning of *Gonzales*, and therefore this Court will address the merits of that argument. Ocampo contends that this Court erred in when it denied a certificate of appealability regarding the Amended Judgment—but the Sixth Circuit has already determined that the denial was not made in error. On November 14, 2013, Ocampo filed a petition for rehearing in the Sixth Circuit, explaining that he was erroneously denied a certificate of appealability "because a reasonable jurist could not find Ocampo's argument debatable under COA, when COA is not required under

the Granted in Part amended judgment of his § 2255 petition . . . ." Petition. On March 31, 2014, the Sixth Circuit denied Ocampo's petition for a COA. Thus, because the Sixth Circuit has already denied Ocampo's argument that he was erroneously denied a COA, this Court is without authority to alter that decision. Accordingly, Ocampo's 60(b) motion will be denied to the extent that it seeks reconsideration of this Court's decision denying him a certificate of appealability.

### III

Accordingly, it is **ORDERED** that Ocampo's Motion for Relief from Judgment (ECF No. 501) is **DENIED IN PART**. Ocampo's first argument—that he was erroneously denied a certificate of appealability—is **DENIED**.

It is further **ORDERED** that the Clerk shall **TRANSFER** the remaining arguments in the motion (ECF No. 501) to the United States Court of Appeals for the Sixth Circuit.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 6, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Robert James Ocampo #03204032 at Florence Federal Correctional Institution, Inmate Mail/Parcels, PO Box 6000, Florence, CO 81226 by first class U.S. mail on May 6, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS