UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,        Case No. 06-cr-20172

v                 Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

    Defendant.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

On November 20, 2007, a jury convicted Robert James Ocampo of conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 100 kilograms of marijuana in violation of 21 U.S.C. § 846; maintenance of a residence within 1,000 feet of a school for the purpose of distributing cocaine and marijuana in violation of 21 U.S.C. §§ 856(a)(1) and 860; distribution of less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possession of a firearm by an unlawful user of any controlled substance in violation of 18 U.S.C. § 922(g)(3); and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Ocampo was sentenced to serve a total of 420 months of imprisonment followed by a total of five years of supervised release, and ordered to pay a fine in the amount of $20,000. The Sixth Circuit affirmed Ocampo's conviction and sentences. *United States v. Ocampo*, 402 F. App'x 90 (6th Cir. 2010). The United States Supreme Court denied certiorari.

The procedural history of Ocampo's postconviction proceedings are extensive and convoluted. Of relevance here, Ocampo filed a motion to vacate, set aside, or correct his sentence under § 2255 on May 11, 2012. The motion was granted in part and denied in part by this Court on January 28, 2013, ECF No. 459, and the Sixth Circuit denied a certificate of appealability. *Ocampo v. United States*, Nos. 13-1196/1278/1353 (6th Cir. Sept. 6, 2013).

On January 22, 2014, Ocampo filed another motion to vacate his sentence pursuant to § 2255. ECF No. 502. The motion was transferred to the Sixth Circuit Court of Appeals because it was a successive habeas petition. ECF No. 507 at 3 (citing 28 U.S.C. § 2244(b)(3)(A)). However, in that Order, the Court erroneously stated that Ocampo had been convicted of violating only 21 U.S.C. § 846 in Count 1, when in reality he had been also been convicted of violating §§ 846, 841 and 860. The Court corrected this clerical error in a subsequent Order. ECF No. 517.

Ocampo now claims that, because the Court made a clerical error in its Order transferring his second habeas petition in 2014, the judgment denying his original habeas petition in 2013 should be vacated. He asserts that the 2014 clerical error made "the judgment [in 2013] non-final; and thus prospectively no longer equitable—based on that procedural defect." He therefore moves for relief from judgment pursuant to Rules 60(b)(5) and 54(b).[1]

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 354 U.S. 524, 528 (2005). However, relief from a judgment or order under Rule 60(b) is an "extraordinary remedy

---

[1] On February 23, 2014, Ocampo filed a motion to amend his mortion for relief from judgment. ECF No. 542. Ocampo "submits this motion for clarification purposes only as to the relief sought on 60(b) motion." *Id*. at 1. Specifically, Ocampo clarifies "[t]hat because habeas procedural judgment [Doc. 459] rest on a defective foundation from the non-finality of the factual allegations omitted by the court, 60(b) motion should be granted so that the court can adjudicate the proceedings for its finality." *Id*.. Because Ocampo's motion to amend is simply clarifying his argument and the relief requested in his motion for relief from judgment, Ocampo's motion to amend will be granted and its content will be incorporated into his motion for relief from judgment.

that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b).

Ocampo is seeking relief pursuant to Rule 60(b)(5), which grants relief where "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that been reversed or vacated; or applying it prospectively is no longer equitable."

Here, there is no possible basis for Ocampo to claim that the judgment entered on his first motion to vacate, ECF No. 459, has been "satisfied, released or discharged," or that the judgment was "based on an earlier judgment that has been reversed or vacated." Thus, the only possible basis for application of Rule 60(b)(5) would be the inequitable prospective application clause.

However, the clerical error in the Order transferring Ocampo's second motion to vacate to the Court of Appeals does not implicate the "prospective application" of the judgment in his first motion to vacate. The "prospective application" clause is only applicable "'If a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2000) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). The prototypical situation for Rule 60(b)(5) review is where current events have outgrown a previously-entered forward-looking injunction or consent decree. *See Casasanta v. Fed. Nat. Mortg. Ass'n*, 2014 WL 1977038, at *3 (E.D. Mich. May 15, 2014) (collecting cases).

Ocampo has not identified any changed circumstances or other equitable considerations to justify relief under Rule 60(b)(5). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

- 4 -

Accordingly, it is **ORDERED** that Ocampo's Motion to Amend (ECF No. 542) is **GRANTED**. Ocampo's clarification is incorporated into his motion for relief from judgment (ECF No. 541).

It is further **ORDERED** that Ocampo's Motion for Relief from Judgment (ECF No. 541) is **DENIED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 26, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means Robert James Ocampo #03204032 at Florence Federal Correctional Institution, Inmate Mail/Parcels, PO Box 6000, Florence, CO 81226 first class U.S. mail on February 26, 2015.

s/Tracy A. Jacobs  
TRACY A. JACOBS