UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               Case No. 06-cr-20172

v                                              Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

        Defendant.

_____/

**ORDER GRANTING IN PART MOTION TO BE CONSTRUED LIBERALLY, DENYING MOTION TO APPOINT COUNSEL, DISMISSING MOTION FOR DECLARATORY JUDGMENT AND MOTION FOR PRELIMINARY INJUNCTION, AND DENYING AS MOOT MOTION FOR PAUPER STATUS**

On October 13, 2015, Defendant Robert James Ocampo, appearing *pro se* filed six motions with this court: (1) Motion for retroactive application of sentencing guidelines to drug offense under 18 U.S.C. § 3582(c)(2); (2) Motion for pauper status; (3) Motion for declaratory judgment; (4) Motion to appoint counsel; (5) Motion to be construed liberally; and (6) Motion for a preliminary injunction. ECF Nos. 566-571. In his motion for declaratory judgment and motion for a preliminary injunction, Ocampo seeks a declaratory judgment that inaccuracies in the Presentence Investigation Report ("PSR") underlying his original sentence have wrongfully qualified Ocampo as a violent offender in violation of his rights under the Privacy Act and the Due Process clause of the Constitution. ECF No. 568. He also seeks an order compelling the United States Probation Department to correct the alleged errors. ECF No. 571.

On November 17, 2015, a federal defender was appointed for the limited purpose of representing Ocampo with regard to his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 572. Consequently, on November 18, 2015, Attorney Joan Morgan

appeared on Ocampo's behalf for that limited purpose. ECF No. 573. Ocampo's motion pursuant to 18 U.S.C. § 3582(c)(2) will therefore be addressed at a later time. His motion to be construed liberally will be granted with reference to his motion for declaratory judgment and motion for a temporary restraining order, and his motion for appointment of counsel will be denied. Because the Court does not have jurisdiction to hear Ocampo's claims of error in his PSR, those motions will be dismissed, and his motion for pauper status will be denied as moot.

## I.

On November 20, 2007, a jury convicted Robert James Ocampo of conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841, 846 and 860; maintenance of a residence within 1,000 feet of a school for the purpose of distributing cocaine and marijuana in violation of 21 U.S.C. §§ 856(a)(1) and 860; distribution of less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possession of a firearm by an unlawful user of any controlled substance in violation of 18 U.S.C. § 922(g)(3); and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Ocampo was sentenced to serve a total of 420 months of imprisonment followed by a total of five years of supervised release, and ordered to pay a fine in the amount of $20,000. The Sixth Circuit affirmed Ocampo's conviction and sentences. *United States v. Ocampo*, 402 F. App'x 90 (6th Cir. 2010). The United States Supreme Court denied certiorari.

In 2012, Ocampo filed a motion to vacate sentence. Ocampo's motion, as amended, raised seven grounds for relief. On January 28, 2013, upon the recommendation of a magistrate

judge and over the parties' objections, Ocampo's motion to vacate sentence was granted in part and denied in part, and he was denied a certificate of appealability. ECF No. 459. Judgment was entered in January 2013. ECF No. 460. Because the Court's judgment partially granted Ocampo's motion, it resulted in his conviction for possession of a firearm by an unlawful user of any controlled substance being vacated. An amended judgment of conviction and sentence reflecting the change was entered, but it did not affect his overall sentence of imprisonment. ECF No. 461. The Sixth Circuit denied a certificate of appealability. *Ocampo v. United States*, Nos. 13-1196/1278/1353 (6th Cir. Sept. 6, 2013) (unpublished). On October 22, 2013, the Sixth Circuit then denied Ocampo's motion for authorization to file a second or successive habeas petition under 28 U.S.C. § 2255. ECF No. 497.

In January 2014, Ocampo filed another motion to vacate sentence, raising two grounds for relief. ECF No. 502. The Court determined that Ocampo's motion was second or successive and transferred it to the Sixth Circuit because Ocampo had not obtained prior authorization from the Sixth Circuit to proceed. ECF No. 507. The Sixth Circuit again denied authorization to file a second or successive motion to vacate sentence. *In re Ocampo*, No. 14-1144 (6th Cir. Nov. 3, 2014) (unpublished). Ocampo then filed numerous motions for relief from judgment, all of which have been denied. Despite this extensive procedural history, Ocampo has never before challenged any alleged errors in his PSR.

**II.**

In his motion for Declaratory Judgment and Motion for Preliminary Injunction, Ocampo seeks a declaratory judgment that inaccuracies in the PSR underlying his original sentence have wrongfully qualified Ocampo as a violent offender in violation of his rights under the Privacy Act and the Due Process clause of the Constitution. ECF Nos. 568, 571. He alleges that these

errors have given rise to substantial hardship and irreparable harm. *Id*. He therefore seeks a preliminary injunction compelling the United States Probation Department to amend his PSR.

**A.**

Because Ocampo is proceeding *pro se* on his motion for Declaratory Judgment and Motion for Preliminary Injunction, his motion to be construed liberally will be granted as to those two motions.

Ocampo's motion to appoint counsel will be denied to the extent that he has already been appointed a federal defender with regard to his § 3582(c)(2) motion for a sentence reduction. His motion to appoint counsel will also be denied as to his motion for Declaratory Judgment and Motion for Preliminary Injunction. The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Because Ocampo's present motions are frivolous, his motion to appoint counsel will be denied.

**B.**

Once the district court has heard objections to the report and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited. *See United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994). The Federal Rules of Criminal Procedure provide

that, "within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). By failing to object to a PSR during sentencing, a defendant accepts all factual allegations contained in it and waives his right to challenge the reliability of facts contained in a PSR on a later attack. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008). A district court does not have jurisdiction to hear a defendant's post-sentence motions to correct his PRS. *See United States v. Engs*, 884 F.2d 894 (5th Cir. 1989); *See also United States v. McKinney*, 602 Fed. Appx. 237, 240-41 (6th Cir. 2015).

Because Ocampo did not object to his PSR during his sentencing, he waived his right to challenge any facts contained in the PSR. *See* ECF No. 178. Accordingly this Court does not have jurisdiction to hear his post-sentence challenges to his PSR, and his motions will be dismissed for lack of jurisdiction. *See U.S. v. Leath*, 711 F.2d 119 (8th Cir. 1983) (holding that a claimant's "Motion to Correct Presentence Report" could not be construed as a 28 U.S.C. § 2255 motion or a 28 U.S.C. § 2241 motion, and remanding the motion to be dismissed for lack of jurisdiction).

### C.

Ocampo has also filed a motion for pauper status as to his motion for declaratory judgment and his motion for a preliminary injunction. ECF No. 567. Because those underlying claims will be dismissed for lack of jurisdiction, his motion for pauper status will be denied as moot.

### III.

Accordingly, it is **ORDERED** that Defendant Ocampo's motion to be construed liberally, ECF No. 570, is **GRANTED IN PART**.

It is further **ORDERED** that Defendant Ocampo's Motion to Appoint Counsel, ECF No. 569, is **DENIED**.

It is further **ORDERED** that Defendant Ocampo's Motion for Declaratory Judgment, ECF No. 568, and Motion for Preliminary Injunction, ECF No. 571 are **DISMISSED** for lack of jurisdiction**.**

It is further **ORDERED** that Defendant Ocampo's Motion for Pauper Status, ECF No. 567, is **DENIED as moot**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 30, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 30, 2015.

s/Michael A. Sian
Case Manager