UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 06-cr-20172

v                                             Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

        Defendant.

_____/

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE, DENYING MOTION FOR PRESCRIBED WARNING, AND DENYING MOTION FOR RECONSIDERATION**

**I.**

Defendant Robert James Ocampo is a federal prisoner proceeding *pro se*. After a jury convicted him of seven counts in 2007, Ocampo began a lengthy and tortuous appeals process. Following a number of direct appeals and collateral attacks, on October 13, 2015 Ocampo filed six motions, including a motion to be construed liberally, a motion for a declaratory judgment, and a motion for a preliminary injunction. ECF Nos. 568, 570-71. On November 30, 2015 this Court granted in part Ocampo's motion to be construed liberally. In the same order, Ocampo's latter two motions challenging alleged inaccuracies in his sentencing PSR were dismissed for lack of jurisdiction. ECF No. 575. As explained in the order denying the motions, "[b]ecause Ocampo did not object to his PSR during his sentencing, he waived his right to challenge any facts contained in the PSR." *Id*.

On December 17, 2015, Ocampo filed a motion for an extension of time to respond to the District Court order dismissing his motions. ECF No. 576. On December 28, 2015, Ocampo

filed a motion for prescribed warning under *Castro v. United States*, 540 U.S. 375 (2003) and a motion for reconsideration. Ocampo's motion for an extension will be granted and his subsequent motions accepted as timely filed, ECF Nos. 577 and 578. His motion for a prescribed warning and his motion for reconsideration will be denied.

**II.**

Ocampo first moves for an extension of time to file a response to the Court's order issued on November 30, 2015. Under the local rules, [a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. Local Rule 7.1(h). Ocampo filed his present motion 17 days after entry of the Court's order. Ocampo argues an extension is warranted because he has had limited access to the prison's law library to draft his pleadings due to recent disturbances in the facility. For this reason, and because the Court prefers to decide cases on the merits rather than on technicalities, Ocampo's motion for an extension will be granted, and his motions will be addressed on the merits.

**III.**

Ocampo now moves for reconsideration of the Court's November 30, 2015 order. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id*. at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id*. (quoting E.D. Mich. 7.1(h)(3)).

- 3 -

In his motion for reconsideration, Ocampo posits two defects in this Court's November 30, 2015 order. First Ocampo argues that this Court erred in determining that it did not have jurisdiction to hear his challenges to his sentencing PSR. Specifically, Ocampo argues that federal courts have broad discretion to hear claims under both the Administrative Procedures Act ("APA") and 18 U.S.C. § 1331. However, Ocampo has not initiated a federal civil matter under either the APA or 18 U.S.C. § 1331. Instead, he has filed a collateral attack to a 2006 criminal matter. This Court's jurisdiction to hear collateral attacks to criminal convictions and sentences is far more limited than its jurisdiction to hear normal civil actions. Generally, this jurisdiction is confined to petitions for habeas corpus pursuant to § 2255 and § 2241 and motions for retroactive applications of sentencing guidelines. Through § 2255 and § 2241, "Congress has exercised its power under the Constitution to place certain limits and restrictions on the jurisdiction of federal courts to adjudicate a federal prisoner's application for post-conviction writ of habeas corpus." *U.S. v. Kirkpatrick*, 2009 WL 2823658 (E.D. Tenn. August 28, 2009). Ocampo's claims against the United States Probation Department simply do not fall within this limited jurisdiction. Accordingly, there was no palpable defect in the order dismissing Ocampo's attacks to his criminal PSR for lack of jurisdiction in this 2006 criminal matter.

Second, Ocampo argues that this Court was required to warn him before recharacterizing his motions under *Castro v. United States*, 540 U.S. 375 (2003). However, *Castro* established a narrow limitation on federal courts' ability to recharacterize *pro se* litigants' motions. Namely, courts may not recharacterize a *pro se* litigant's motion as a first § 2255 without first notifying the litigant that it intends to recharacterize the pleading. *Id*. at 383. This holding is in recognition of the fact that a first § 2255 operates to restrict a district court's review of any second or successive § 2255. *Castro* did not otherwise affect a court's ability to recharacterize *pro se*

- 4 -

litigants' motions to create better correspondence between the substance of the motion and its underlying legal basis. *Id*. at 381-82.

Ocampo filed his first § 2255 in August, 2011, which he subsequently amended on December 22, 2012. Thus this Court did not recharacterize any of Ocampo's motions as a first § 2255. Ocampo's motion for a prescribed warning under *Castro* will therefore be denied. Because Ocampo has not shown a palpable defect in the Court's November 30, 2015 order, his Rule 60(b)(1) motion will also be denied.

### III.

Accordingly, it is **ORDERED** that Ocampo's motion extension of time to file response, ECF No. 576, is **GRANTED** and his subsequent motions accepted as timely filed.

It is further **ORDERED** that Ocampo's motion for prescribed warning under *Castro*, ECF No. 577, is **DENIED**.

It is further **ORDERED** that Ocampo's 60(b)(1) motion for relief from judgment, ECF No. 578, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 6, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 6, 2016.

s/Michael A. Sian
Michael A. Sian, Case Manager