UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 06-cr-20172

v.                                   Honorable Thomas L. Ludington

D-1 ROBERT JAMES OCAMPO,

        Defendant.

_____/

## ORDER STRIKING IMPROPER FILINGS

On October 13, 2015 Defendant Robert James Ocampo filed a *pro se* motion for retroactive application of the sentencing guidelines to his drug offense under 18 U.S.C. § 3582. On November 18, 2015 Attorney Joan Morgan from the federal defender's office entered an appearance on Ocampo's behalf. *See* ECF No. 573. Attorney Morgan then filed a second motion for retroactive application pursuant to § 3582. *See* ECF No. 593. The Government has conceded that Ocampo is eligible for resentencing, but argues that the Court should exercise its discretion to deny resentencing. *See* ECF No. 594. A motion hearing has been scheduled for October 18, 2016. *Seee* ECF No. 599.

Despite the fact that counsel has appeared on his behalf, Ocampo has continued to file documents on the docket. "It is well settled that there is no constitutional right to hybrid representation." *United States v. Lowdermilk*, 425 F. App'x 500, 504 (6th Cir. 2011) (quoting *United States v. Cromer*, 389 F.3d 662, 681 n. 12 (6th Cir.2004)) (internal quotation marks omitted). Generally, litigants must choose between proceeding pro se and proceeding with counsel, and the choice of one means of representation precludes reliance on the other. *United*

- 2 -

*States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970). Absent any proof that Attorney Morgan, Ocampo's current counsel in this matter, is not able and competent to represent him, *pro se* appearances will not be entertained. *See Lowdermilk*, 425 F. App'x at 504 (finding no abuse of discretion in denying hybrid representation where defendant's lawyer was "competent and capable."). Permitting deviation from this rule "is a matter committed to the sound discretion of the trial court." *Id*.

Because Ocampo currently has counsel representing him with respect to his § 3582 motion, all *pro se* filings related to that claim will not be entertained. Thus Ocampo's motion to stay the § 3582 proceedings and two statements of "judicial notice" will be stricken. *See* ECF Nos. 595, 596, 609.

Accordingly, it is **ORDERED** that Defendant Ocampo's motion to stay the § 3582 proceedings, ECF No. 596, and two statements of "judicial notice," ECF Nos. 595, 609 are **STRICKEN**.

Dated: September 21, 2016                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 21, 2016.

s/Michael A. Sian
MICHAEL A. SIAN