UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,         Case No. 06-cr-20172

v                 Honorable Thomas L. Ludington

ROBERT JAMES OCAMPO,

    Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION, DENYING MOTION TO CORRECT CLERICAL ERROR, DENYING MOTION FOR RELIEF FROM JUDGMENT, DENYING MOTION FOR THE APPOINTMENT OF COUNSEL, AND DENYING MOTION FOR AN EXTENSION**

Defendant Robert James Ocampo is a federal prisoner proceeding *pro se*. After a jury convicted him of seven counts in 2007, Ocampo began a lengthy and tortuous appeals process. Most recently, on October 13, 2015 Defendant Robert James Ocampo filed a *pro se* motion for retroactive application of the sentencing guidelines to his drug offense under 18 U.S.C. § 3582. On November 18, 2015 he filed a second motion for retroactive application through counsel. *See* ECF Nos. 573, 593. At a hearing held on October 18, 2016, Ocampo's motions were granted and he was resentenced. *See* ECF No. 614.

In response, on October 24, 2016 Ocampo filed a *pro se* ex parte motion for reconsideration, seeking a lower sentence. *See* ECF No. 617. Because Ocampo already received the benefit of a two-point reduction, and because resentencing was within this Court's discretion, Ocampo's motion for reconsideration will be denied. His additional pending motions will also be addressed. *See* ECF Nos. 592, 622, 624, 626.

**I.**

On November 20, 2007, a jury convicted Robert James Ocampo of (1) conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841, 846 and 860; (2) maintenance of a residence within 1,000 feet of a school for the purpose of distributing cocaine and marijuana in violation of 21 U.S.C. §§ 856(a)(1) and 860; (3) distribution of less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); (4) possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); (5) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (6) possession of a firearm by an unlawful user of any controlled substance in violation of 18 U.S.C. § 922(g)(3); and (7) possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Ocampo was sentenced to serve a total of 420 months of imprisonment. Specifically, he was sentenced to 360 months in custody based on Counts 1, 2, 5,and 6, to be served concurrently with a 60 month sentence based on Counts 3, and 4, to be served consecutively with a 60 month sentence based on Count 7. *See* ECF No. 223. His sentence was to be followed by a total of five years of supervised release, and ordered to pay a fine in the amount of $20,000. *Id*. The Sixth Circuit affirmed Ocampo's conviction and sentences. *United States v. Ocampo*, 402 F. App'x 90 (6th Cir. 2010). The United States Supreme Court denied certiorari.

### A.

In 2012, Ocampo filed a motion to vacate sentence. Ocampo's motion, as amended, raised seven grounds for relief. On January 28, 2013, upon the recommendation of a magistrate judge and over the parties' objections, Ocampo's motion to vacate sentence was granted in part and denied in part, and he was denied a certificate of appealability. ECF No. 459. Judgment was entered in January 2013. ECF No. 460.

Because the Court's judgment partially granted Ocampo's motion, it resulted in the vacation of his conviction for Count 6 (possession of a firearm by an unlawful user of any controlled substance). An amended judgment of conviction and sentence reflecting the change was entered, but it did not affect his overall sentence of imprisonment. ECF No. 461. The Sixth Circuit denied a certificate of appealability. *Ocampo v. United States*, Nos. 13-1196/1278/1353 (6th Cir. Sept. 6, 2013) (unpublished). On October 22, 2013, the Sixth Circuit then denied Ocampo's motion for authorization to file a second or successive habeas petition under 28 U.S.C. § 2255. ECF No. 497.

In January 2014, Ocampo filed another motion to vacate sentence, raising two grounds for relief. ECF No. 502. The Court determined that Ocampo's motion was a second or successive petition, and transferred it to the Sixth Circuit because Ocampo had not obtained prior authorization from the Sixth Circuit to proceed. ECF No. 507. The Sixth Circuit again denied authorization to file a second or successive motion to vacate sentence. *In re Ocampo*, No. 14-1144 (6th Cir. Nov. 3, 2014) (unpublished). Ocampo then filed numerous motions for relief from judgment, all of which have been denied. Ocampo also filed numerous motions challenging alleged errors in his presentence report ("PSR), which were denied. *See* ECF No. 575.

**II.**

On October 13, 2015 Defendant Ocampo filed a *pro se* motion for retroactive application of the sentencing guidelines to his drug offense under 18 U.S.C. § 3582. On November 18, 2015 Attorney Joan Morgan from the federal defender's office entered an appearance on Ocampo's behalf. *See* ECF No. 573. Attorney Morgan then filed a second motion for retroactive application pursuant to § 3582. *See* ECF No. 593. While the Government conceded that Ocampo was eligible for resentencing, it argued that the Court should exercise its discretion to deny

resentencing. *See* ECF No. 594. A motion hearing was accordingly scheduled. *See* ECF No. 599.

At the hearing, held on October 18, 2016 the Court granted the motions for retroactive application, and reduced Ocampo's 360 month sentence as based on Counts 1, 2, and 5 of the fourth superseding indictment to 340 months. *See* ECF No. 614. This effectively reduced Ocampo's overall sentence to 400 months.

Unsatisfied with this reduction, on October 24, 2016 Ocampo filed a motion for reconsideration. *See* ECF No. 617. Through that motion, Ocampo argues that he should be provided with "the full benefit of the 2 point reduction sought …." *Id*. He further argues that the Government mischaracterized his criminal history, his level of remorse, and his ongoing litigation. *Id.* In support of the motion Ocampo has attached an affidavit in which he sets forth numerous trial issues relating to the alleged ineffectiveness of his trial counsel, issues with plea negotiations, and objections to and alleged errors in his PSR and sentence.

Ocampo's argument that he was not provided with the full benefit of the two-point reduction under § 3582(c)(2) is without merit. Ocampo's motions for retroactive application were granted, and his sentencing guidelines were recalculated in accordance with the retroactive application of 28 U.S.C. § 994(u) and U.S.S.G. § 1B1.10. At the time of his original sentence, his guideline range for his conviction on Counts 1, 2, 4, and 5 was 360 months to life imprisonment, with a 15 year mandatory minimum sentence applicable to Count 5. As a result of the two-point reduction, his guideline range as to Counts 1, 2, 3, and 4 was reduced to 292 to 365 months. The Court resentenced Ocampo applying this reduced guidelines range, providing him with the full benefit of the two-point reduction.

Ocampo's motion primarily rests on an argument that the Court should have exercised its discretion to grant him a lower sentence. This argument is without merit. In resentencing Ocampo within the proper Guidelines range, the Court considered the sentencing factors enumerated at 189 U.S.C. § 3553(a) and adequately explained the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The Court therefore did not abuse its discretion in sentencing Ocampo within the amended guidelines range.

Ocampo also argues that he is entitled to further § 3582 relief because his trial counsel was ineffective and his conviction and sentence were based on incorrect legal and factual findings. These arguments challenge his underlying conviction and sentence, and thus implicate the remedy provided for by a petition for habeas relief pursuant to 28 U.S.C. § 2255. Because Ocamo has already pursued § 2255 relief this Court is without jurisdiction to consider the arguments absent certification from the Sixth Circuit. Ocampo's motion for reconsideration will be denied.

**III.**

On May 31, 2016 Ocampo filed a motion to correct alleged clerical errors in his Pre-Sentence Investigation Report (PSR) and Amended Judgment pursuant to Federal Rule of Criminal Procedure 36. Ocampo argues that while Count 1 of the fourth superseding indictment charges him with a conspiracy under 21 U.S.C. § 846 based on selling, distributing or dispensing controlled substances in violation of § 841(b)(1)(A) and doing so near a school in violation of § 860, the PSR and Amended Judgment do not include language related to § 860 in describing the nature of Count 1. *See* Am. Judgment 2, ECF No. 461. Pursuant to an order of the Court, the Government filed a response on October 14, 2016. *See* ECF No. 611, 614.

As explained by the Government, the charging statute under which Count 1 was brought was 21 U.S.C. § 846. While the indictment included citations to additional relevant sentencing provisions including 21 U.S.C. §§ 841(a) and 860, the conspiracy offense fell under § 846. *See United States v. Martinez,* 430 F.3d 317, 338039 (6th Cir. 2005) (holding that an indictment need not expressly reference a statutory offense underlying a conspiracy charge where the indictment sets forth elements sufficient to place the defendant on notice of all of the elements of the offense). The recitation of Count 1 in the PSR and judgment does not contain any "clerical error" and so Ocampo's Rule 36 motion will be denied.

### IV.

In a motion for relief from judgment filed on November 7, 2016, Ocampo seeks relief from an order transferring his successive habeas petition to the Sixth Circuit, arguing that the petition is warranted under a change in law. *See* ECF Nos. 502, 507, 622. In conjunction with that motion, Ocampo seeks the appointment of counsel and an extension of time to file a brief. *See* ECF Nos. 624, 626.

As already explained to Ocampo numerous times, an individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). *See* ECF No. 622. This Court is without jurisdiction to consider a successive request for habeas relief absent Sixth Circuit authorization. Ocampo's motion for relief from judgment will therefore be denied. His accompanying motion for the appointment of counsel will also be denied. Finally, his motion for an extension of time to file a brief in support of his Rule 60(b) motion will be denied, as this Court does not have jurisdiction to grant him the relief he seeks.

### V.

Accordingly, it is **ORDERED** that Defendant Ocampo's motion ex parte motion for reconsideration, ECF No. 617, is **DENIED.**

It is further **ORDERED** that Defendant Ocampo's motion to correct a clerical error, ECF No. 592, is **DENIED.**

It is further **ORDERED** that Defendant Ocampo's motion for relief from judgment, ECF No. 622, is **DENIED**.

It is further **ORDERED** that Defendant Ocampo's motion for the appointment of counsel, ECF No. 624, is **DENIED**.

It is further **ORDERED** that Defendant Ocampo's motion for an extension of time to file a brief in support of his motion for relief from judgment, ECF No. 626, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 18, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 18, 2016.

s/Michael A. Sian
Michael A. Sian, Case Manager