UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           Case No. 06-cr-20172-01

v                                              Honorable Thomas L. Ludington

D-1, ROBERT JAMES OCAMPO,

        Defendant.

_____/

**ORDER TRANSFERRING SUCCESSIVE HABEAS CORPUS PETITION TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AND DENYING DISCOVERY MOTION WITHOUT PREJUDICE**

Petitioner Robert Ocampo filed a motion for discovery and a pro se motion to vacate his sentence under 28 U.S.C. § 2255. ECF Nos. 648, 649. The motion to vacate will be transferred to United States Court of Appeals for the Sixth Circuit as a successive habeas petition within the meaning of 28 U.S.C. § 2244(b)(3). The discovery motion will be denied without prejudice as premature.

**I**

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. 28 U.S.C. § 1631; *In*

*re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that when "a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631.").

A habeas petition is considered successive if it "raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate indifference or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). Therefore, if the prisoner could have discovered the predicate to his new claims at the time he filed his first petition, then the petition is successive within the meaning of 28 U.S.C. § 2244(b)(3)(A). *In re Siggers*, 132 F.3d 333, 338 (6th Cir. 1997).

In the present habeas petition, Ocampo seeks to have his sentence reduced pursuant to the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170, (2017). The decision is dated April 3, 2017. Thus, his claim could have been presented in a previous petition. ECF Nos. 635, 636, 638 and 639. The motion is therefore a successive petition for habeas relief. Ocampo has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A), and therefore the current petition must be transferred to the United States Court of Appeals for the Sixth Circuit.

When a petitioner challenges a *federal* conviction under § 2255, discovery may be governed by both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. *See* Rule 6(a), Rules Governing Section 2255 Cases ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."). *Copeland v. Ryan*, 852 F.3d 900, 906 (9th Cir. 2017). As petitioner has not yet been granted leave to file a successive habeas petition, his discovery request is premature.

## III

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the motion, ECF No. 649, to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

It is further **ORDERED** that the discovery motion, ECF No. 648 is **DENIED** without prejudice.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 12, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---