UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      Case No. 1:06-cr-20172-1

v.                                        Honorable Thomas L. Ludington
                                        United States District Judge

ROBERT JAMES OCAMPO,

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

      This matter is before this Court upon Defendant Robert James Ocampo's Motion for Compassionate Release, ECF No. 671. As explained hereafter, his Motion will be denied.

**I.**

      In November 2007, a jury found Defendant Robert James Ocampo guilty of

(1) conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, 21 U.S.C. § 846;
(2) maintaining a drug house within 1,000 feet of a school, 21 U.S.C. §§ 856(a)(1), 860;
(3) distributing less than 50 kilograms of marijuana, 21 U.S.C. § 841(a)(1);
(4) possession with intent to distribute less than 50 kilograms of marijuana, 21 U.S.C. § 841(a)(1);
(5) felon in possession of a firearm, 18 U.S.C. § 922(g);
(6) possession of a firearm by an unlawful user of a controlled substance, 18 U.S.C. § 922(g)(3); and
(7) possession of a firearm during a drug-trafficking crime, 18 U.S.C. § 924(c).

ECF No. 161. In July 2008, he was sentenced to 420 months' imprisonment followed by 5 years of supervised release. *See* ECF No. 223 at PageID.1204–05.

      Among his more than 30 attempts to reduce his sentence to some extent within all three levels of the federal courts, Defendant's eighth motion to vacate his sentence under 28 U.S.C. §

2255 was partially granted in January 2013. *United States v. Ocampo*, 919 F. Supp. 2d 898 (E.D. Mich. 2013) (vacating conviction and sentence of Count 6). In February 2013, an amended judgment was issued totaling the same sentence as before. *See* ECF No. 461 at PageID.3785–86. Then, in 2016, this Court granted Defendant's motions for a sentence reduction under 18 U.S.C. § 3582(c)(2), reducing his term of imprisonment to 400 months. *See* ECF No. 614.

In September 2022, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 671. The Government opposes it. ECF No. 676.

As explained hereafter, Defendant's Motion for Compassionate Release will be denied with prejudice because he has demonstrated neither (1) an extraordinary and compelling reason for release, nor (2) that the factors outlined in 18 U.S.C. § 3553 warrant release.

## II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of §

3582(c)(1)(A)'s three prerequisites are missing, then this Court may deny compassionate release

without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate

release from the BOP and then either (1) received a denial and fully exhausted his administrative

remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18

U.S.C § 3582(c)(1)(A).

The BOP denied Defendant's request for compassionate release on August 19, 2022. ECF

No. 676-2 at PageID.5239. Therefore, Defendant has exhausted his administrative remedies. *See*

18 U.S.C. § 3582(c)(1)(A).

### B.

The next question is whether "extraordinary and compelling reasons" justify reducing

Defendant's sentence. *See Jones*, 980 F.3d at 1108. Congress did not define "extraordinary and

compelling reasons," but the United States Sentencing Commission has identified several

"extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1

(U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family

circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for

compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13 as

part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons

for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal

judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis requiring courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting Webster's Third International Dictionary: Unabridged 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling" as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances three reasons for compassionate release[1]: (1) the COVID-19 pandemic (2) a nonretroactive change in law, (3) his rehabilitative efforts. ECF Nos. 671; 672. Whether considered independently or together, those reasons are neither extraordinary nor compelling.

**i.**

Defendant cites the COVID-19 pandemic as an extraordinary and compelling reason for release from prison. *Id.* at PageID.5196. Notably, Defendant is fully vaccinated against COVID-19. ECF No. 677-2 at PageID.5312 (sealed).

---

[1] He also raised some health concerns to the BOP, *see* ECF No. 671 at PageID.5190–91, but he did not raise them here, *see generally* ECF Nos. 671; 672.

Despite its adverse effects on Michigan's prisoners, several courts, including this Court, have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *E.g.*, *United States v. Hogg*, 592 F. Supp. 3d 627, 631 (E.D. Mich. 2022); *United States v. Burlingame*, 586 F. Supp. 3d 705, 711–12 (E.D. Mich. 2021) (collecting cases). The same is true with respect to COVID-19's mutations. *United States v. Mukherjee*, No. 4:04-CR-50044-1, 2022 WL 2703955, at *3 (E.D. Mich. July 12, 2022) (citations omitted). Indeed, "with 'vaccinations [widely] available to federal prisoners,' [they cannot make compassionate-release] claims about the dangers of COVID-19." *United States v. McCall*, No. 21-3400, 2022 WL 17843865, at *11 (6th Cir. Dec. 22, 2022) (en banc) (quoting *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022)). Defendant offers no reason to depart from that wisdom. Accordingly, Defendant has not demonstrated that COVID-19 is extraordinary or compelling.

### ii.

Defendant next asserts *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015), as an extraordinary and compelling reason for release. ECF No. 671 at PageID.5177. But he previously raised *King* in a request to file a successive habeas petition, which the Sixth Circuit found unpersuasive. *United States v. Ocampo*, No. 16-2705, slip op. at 3 (6th Cir. Oct. 27, 2017), ECF No. 22-2.

But "[n]onretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction." *McCall*, 2022 WL 17843865, at *15. Therefore, *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015) is neither extraordinary nor compelling.

### iii.

Finally, Defendant cites his rehabilitative efforts as extraordinary and compelling reasons for release. ECF No. 672 at PageID.5196. Specifically, "he's attempted to participate in programs

while incarcerated" but has been denied "the better programs" because of this Court's "draconian sentence," which led him "to learn on his own, with reading hundreds of books both academic and self help" instead. *Id.* at PageID.5200.

Although Defendant's self-education is commendable, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *McCall*, 2022 WL 17843865, at *2 (quoting 28 U.S.C. § 994(t)).

### iv.

Similarly, Defendant's reasons, taken in concert, do not support a sentence reduction. *Lemons*, 15 F.4th at 747 ("[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation); *United States v. McKinnie*, 24 F.4th 583, 589 (6th Cir. 2022) ("[T]he district court acted within its discretion by declining to find that these aggregate considerations necessitated a sentence modification." (citing *Lemons*, 15 F.4th at 749)). Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction.

### C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is

dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may

deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A)

is lacking and do not need to address the others."). But to be thorough, this Court will consider the

§ 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>> . . . .
> (5) any pertinent policy statement—
>> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See*

*Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both

sentencing-modification decisions, and traditional sentencing decisions." (internal quotation

marks omitted)). But "a district judge need not specifically articulate its analysis of every single §

3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into

account." *Id.* at 1114 (internal quotation marks omitted). Ultimately, the burden is on Defendant

to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted

today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district

court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Defendant's long remaining sentence weighs heavily against release. The Sixth Circuit has repeatedly affirmed denials of compassionate release under § 3553(a) when the defendant has a long remaining sentence. *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020); *see United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020) (unpublished); *United States v. Austin*, 825 F. App'x 324, 326 (6th Cir. 2020) (unpublished); *see also United States v. Kincaid*, 805 F. App'x 394, 395–96 (6th Cir. 2020) (unpublished) ("[W]e don't think [the defendant] raises a close question."). This is because the original sentence already reflects the district court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a)(2)(A). *Kincaid*, 802 F. App'x at 188; *accord Ruffin*, 978 F.3d at 1008. The same remains true here.

He has more than 16 years' imprisonment remaining of his 400-month sentence. Defendant's reasons for release must "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That inquiry depends, at least in part, on the time remaining on Defendant's sentence, requiring him to justify the magnitude of his requested sentence reduction. *Id.* Thus, Defendant must demonstrate that his reasons for release are so powerful that they "warrant" a 16-year "reduction." *See id.*; *Ruffin*, 978 F.3d at 1008.

According to Defendant, he has (1) "maintained clear conduct through-out his 16 years of imprisonment," (2) "maintained employment within the institution," (3) "educat[ed] himself," (4) "attempt[ed] to join college," (5) "read hundreds of academic books," (6) "59 years of age," (7) a "highly unlikely" chance of recidivism, and (8) served a sentence that is greater than necessary. ECF Nos. 671 at PageID.5184; 672 at PageID.5201–02.

But his history and characteristics affirm the accuracy of his original sentence. Robert James Ocampo "participat[ed] in a drug trafficking conspiracy" known as the "Kip Perry operation." *United States v. Ocampo*, 402 F. App'x 90, 92 (6th Cir. 2010) (unpublished). During 15 months of the enterprise, he made more than 28 state-to-state trips, spent nearly $100,000 on drug-trafficking "materials," and then misreported his income in tax filings. *Id.* While he was under surveillance, law enforcement saw him transfer 61 pounds of marijuana from his storage unit to the trunk of a coconspirator's car. *Id.* at 93. From his house and person, law enforcement seized "voluminous travel and financial records, a total of $78,431 in cash, several bricks of marijuana packaged for distribution, and a vacuum sealer." *Id.* at 94. From his storage unit, law enforcement seized "a Ruger mini–30 rifle with pistol grip and collapsible stock, a loaded 9mm Hi-Point rifle, more than 1,200 rounds of ammunition, magazine clips, and two storage totes of documents." *Id.*

On top of all that, he has two decades of criminal history and even committed crimes while he was on probation for other crimes. PSR ¶ 196. His numerous convictions cover nearly 10 pages of his presentence report and result in 153% of the criminal-history points required for the highest category in the Sentencing Guidelines. *See id.* ¶¶ 149–98; USSG Ch. 5, Pt. A.

And, though he has initiated more than 234 docket entries in this case, he has not spilled a drop of ink in remorse. Obviously, "lack of remorse cannot warrant a discount." *United States v. Mukherjee*, No. 4:04-CR-50044-1, 2022 WL 2703955, at *8 (E.D. Mich. July 12, 2022). In this way, it would seem that "his earlier terms of imprisonment did not abate his proclivity for crime." *United States v. Burlingame*, 586 F. Supp. 3d 705, 713 (E.D. Mich. 2021).

Nor has he truly demonstrated any genuine effort to rehabilitate himself. Although he has had a "medium risk recidivism level" since April 2021, it has fluctuated over the years. *See, e.g.,* ECF No. 676-3 at PageID.5240–41 (showing "high risk" of recidivism from December 2019–

- 9 -

April 2021). Twenty-one consistent months of medium risk after more than 16 years in prison does not reflect an apparent effort to rehabilitate. True, he claims to have read hundreds of books and applied for college, but he has not provided evidence of his applications or the name of a single book. Yet those efforts, which would be commendable if true, are "expected of all inmates and [are] in no way exceptional." *Mahan v. Douglas*, No. 1:22-CV-10490, 2022 WL 17352566, at *2 (E.D. Mich. Dec. 1, 2022)).

Further, his 59 years on Earth do not tip any scales. *See Mukherjee*, 2022 WL 2703955, at *7 (denying compassionate release during COVID-19 pandemic to 80-year-old defendant with hypertension, diabetes, obesity, kidney disease, and enlarged prostate).

Finally, Defendant does not mention any sort of plan to reintegrate into society, to find employment, to care for his purported medical needs, or to do anything productive. He merely says he "would stay with either of [his] sisters in Colorado," who "own their homes and are retired," adding that he wants "to spend the remainging [sic] life near [his] children and [his] 7 grandchildren" in Illinois. ECF No. 671 at PageID.5193. But insufficient postrelease plans do not warrant a sentence reduction. *United States v. Turner*, 594 F. Supp. 3d 869, 876 (E.D. Mich. 2022).

"As indicated, Defendant still presents a danger to society. And his [400]-month sentence still reflects the seriousness of his crimes, promotes respect for the law, and provides just punishment." *United States v. Hopkins*, 594 F. Supp. 3d 852, 860 (E.D. Mich. 2022). Therefore, he should continue to serve his remaining 16-year sentence.

Because Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today, the § 3553(a) factors do not warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 Belmont L. Rev. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's

sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, his Motion will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 671, is **DENIED WITH PREJUDICE**.

Dated: January 12, 2023        s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge