UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          Case No. 1:06-cr-20172-1

v.          Honorable Thomas L. Ludington
          United States District Judge

ROBERT JAMES OCAMPO,

          Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Since a jury found Defendant Robert James Ocampo guilty in November 2007 for his involvement in a drug-trafficking conspiracy known as the "Kip Perry operation," he has been serving 400 months in prison. *United States v. Ocampo*, No. 1:06-CR-20172-1, 2023 WL 168753 (E.D. Mich. Jan. 12, 2023) (citing *United States v. Ocampo*, 402 F. App'x 90, 92 (6th Cir. 2010)).

After his Motion for Compassionate Release was denied with prejudice on January 12, 2023, he filed a motion for an extension of his deadline to reply to the Government's response to his Motion for Compassionate Release, ECF No. 680, which was denied as moot, ECF No. 681.

A week later, he filed an "exparte communication for the record," which the Clerk of the Court construed as a motion for reconsideration of the order denying Defendant's Motion for Extension of Time to File Reply. *See generally* ECF No. 682.

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that could not have been previously discovered warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

But Defendant has not identified any mistake, intervening change in law, or previously undiscoverable fact. *See generally* ECF No. 682. Rather, he merely argues that the outcome might have been different if this Court considered the arguments that he intended to provide. *Id.* However, "[f]or purposes of reconsideration, mistakes and outcomes are mutually exclusive." *Good v. BioLife Plasma Servs., L.P.*, No. 1:18-CV-11260, 2022 WL 17821556, at *2 (E.D. Mich. Dec. 20, 2022) ("[I]t would be 'unrealistic' to expect courts to know the entire universe of law at all times." (quoting Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 12 & n.61 (2022))). So his outcome-changing arguments do not warrant reconsideration.

Even so, there was no error in the denial of his Motion for Extension. Nor does he identify one. First, Defendant's Motion "d[id] not specify what new information he would have presented had the district court given him an opportunity to file a reply, so there is no indication that the district court's decision would have been different but for the alleged error." *United States v. Hogg*, No. 22-1287 (6th Cir. Sept. 9, 2022) (unpublished) (citing *United States v. Lebron*, No. 20-13314, 2021 WL 5414894, at *2 (11th Cir. Nov. 19, 2021) (per curiam)). *See generally* ECF No. 680. Second, Defendant must have demonstrated good cause to invoke this Court's discretion to grant an extension. FED. R. CIV. P. 6(b). In his prior Motion, he said he did not receive the Government's response until January 12, 2023, at 7:30 AM. *See* ECF No. 680 at PageID.5362. True, that would have given him five days to reply because his deadline was January 17, 2023. But that would not be good cause here; he did not provide anything corroborating his claim of when he received the Government's response. *See id.*; *cf. Perlick Corp. v. Glastender, Inc.*, No. 1:22-CV-10862, 2022 WL 3568983, at *1 (E.D. Mich. Aug. 18, 2022) (finding lack of good cause based on party's "uncorroborated" argument). And he provides no good-cause argument now. *See* ECF No. 682.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 682, is **DENIED WITH PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: February 7, 2023                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge