UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT JAMES OCAMPO,

        Defendant.
_____/

Case No. 1:06-cr-20172-1

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE; (2) DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AS MOOT; AND (3) DENYING DEFENDANT'S MOTION FOR BAIL**

Defendant Robert James Ocampo is currently serving an adjusted 33-year sentence for his role in a multi-defendant drug trafficking enterprise that funneled copious amounts of cocaine and marijuana into Michigan. Currently before the Court are Defendant's most recent attempts to vacate or reduce this sentence: (1) a motion for compassionate release; (2) a motion for appointed counsel to assist his request for compassionate release; and (3) a "motion for bail under 18 U.S.C. 3143." As explained below, all three motions will be denied.

**I.**

In November 2007, a jury found Defendant Robert James Ocampo guilty of several offenses:

(1) conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, 21 U.S.C. § 846;
(2) maintaining a drug house within 1,000 feet of a school, 21 U.S.C. §§ 856(a)(1), 860;
(3) distributing less than 50 kilograms of marijuana, 21 U.S.C. § 841(a)(1);
(4) possession with intent to distribute less than 50 kilograms of marijuana, 21 U.S.C. § 841(a)(1);
(5) felon in possession of a firearm, 18 U.S.C. § 922(g);

      (6) possession of a firearm by an unlawful user of a controlled substance, 18 U.S.C. § 922(g)(3); and
      (7) possession of a firearm during a drug-trafficking crime, 18 U.S.C. § 924(c).

ECF No. 161. As this Court has explained in prior Opinions, Defendant's convictions "arise from a Saginaw, Michigan area drug conspiracy that trafficked over 150 kilograms of cocaine and 13,000 kilograms of marijuana from 2005 to 2006, as well as his possession of a firearm in his home." *Ocampo v. Hemingway*, No. 2:19-CV-12819, 2022 WL 4542080, at *1 (E.D. Mich. Sept. 28, 2022).

    In July 2008, Defendant was sentenced to 420 months of imprisonment followed by 5 years of supervised release.[1] *See* ECF No. 223 at PageID.1204–05. In October 2016, this Court reduced Defendant's prison sentence by 20 months, such that his total term of imprisonment is just over 33 years. *See* ECF No. 614. Since his sentence, Defendant has made "more than 30 attempts" to reduce it, with stops at "all three levels of the federal courts."[2] *United States v. Ocampo*, 650 F. Supp. 3d 578, 581 (E.D. Mich.), *reconsideration denied*, 655 F. Supp. 3d 622 (E.D. Mich. 2023). This Opinion and Order resolves his most recent attempts.

    On November 28, 2023, Defendant filed a *pro se* Motion for Compassionate Release. ECF No. 684. This Court directed the Government to respond on July 10, 2024, ECF No. 686, and the Government did so on August 2, 2024. ECF No. 689. Four months later, Defendant filed an ancillary motion seeking appointed counsel to support his motion for compassionate release. ECF No. 692. And on March 11, 2025, Defendant filed a separate motion for bail under 18 U.S.C. § 3143. ECF No. 693. Each of Defendant's motions will be addressed in turn.

---

[1] In January 2013, this Court vacated Defendant's § 922(g)(3) conviction. ECF No. 459. But this did not decrease his sentence. *See* ECF No. 461 at PageID.3785.
[2] *See, e.g.*, ECF Nos. 266; 270; 353; 369; 371; 376; 416; 456; 466; 501; 502; 516; 541; 542; 558; 566; 578; 593; 622; 631; 636; 649; 663; 667.

## II. Defendant's Motion for Compassionate Release

Defendant first seeks compassionate release under 18 U.S.C. 18 U.S.C. § 3582. But he has not shown any extraordinary and compelling reasons warranting his release, and his release is otherwise unsupported by the 18 U.S.C. § 3553 sentencing factors. So his motion will be denied.

### A. Legal Standard

A sentence is a final judgment, and district courts generally lack the authority to modify sentences after they are imposed. 18 U.S.C. §§ 3582(b)–(c). Yet 18 U.S.C § 3582(c)(1)(A) provides an exception to this "rule of finality" prohibiting sentence modification "in limited circumstances," known broadly as "compassionate release." *United States v. Lee*, No. 18-20198, 2024 WL 1508826 (E.D. Mich. Apr. 5, 2024) (citing *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021)). In assessing motions for compassionate release, Courts within the Sixth Circuit proceed with a threshold question, followed by a three-tiered analysis.

As a threshold issue, reviewing courts must assess whether the defendant has "satisfied the administrative exhaustion requirement of the First Step Act." *United States v. Allison*, No. 2:21-CR-20436-TGB-EAS, 2024 WL 3012780, at *2 (E.D. Mich. June 14, 2024). Indeed, courts cannot review defendant-filed motions for compassionate release until the defendant "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [(BOP)] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

If a defendant exhausted his administrative remedies, reviewing courts proceed to assess whether the defendant has shown both (1) "extraordinary and compelling reasons" that warrant a sentence reduction, and (2) that the requested reduction is "consistent with" applicable United States Sentencing Commission policy statements. *See* 18 U.S.C. § 3582(c)(1)(A). If satisfied that

those criteria are met, reviewing courts (3) turn to the factors promulgated in 18 U.S.C. § 3553(a) to determine whether the reduction authorized by statute is "warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010). Each facet of this analysis will be addressed in turn.

### B.  Exhaustion

As a threshold issue, it appears Defendant has not exhausted his administrative remedies. He argues he has, and attaches a letter his Warden wrote on September 19, 2023, denying his internal request for compassionate release. ECF No. 684 at PageID.5397. But the Warden's letter expressly noted:

> In the event you are not satisfied with this response and wish to appeal, you may contact your Unit Team to initiate an appeal in accordance with the Administrative Remedy Program. Please note, this appeal process begins with a BP-9 (Warden level.)

*Id.*

Defendant has not shown that he pursued this internal administrative appeal. *See generally* ECF No. 684. "But this next step is necessary for full exhaustion." *United States v. Anderson*, No. 1:13-CR-20704-2, 2024 WL 5004321, at *4 (E.D. Mich. Dec. 6, 2024); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring the exaction of "*all* administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" (emphasis added)).

Yet the Government did not address exhaustion in its response to Defendant's motion. *See* ECF No. 689. "It has therefore waived exhaustion and the Court will proceed to the merits of Defendant's request for compassionate release." *United States v. Manzano*, 505 F. Supp. 3d 739, 743 (E.D. Mich. 2020) (citing *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020)).

### C.  Extraordinary and Compelling Circumstances

But Defendant's motion fails on the merits. Defendant points to only one "extraordinary and compelling reason" for his release: changes in the law since his 2008 sentencing. ECF No. 684 at PageID.5393. Defendant specifically cites the Sentencing Commission's recent policy statement amendment, which provides that extraordinary and compelling circumstances may exist when a defendant is (1) serving an "unusually long" sentence, (2) has served at least 10 years of such sentence, and (3) a change in the law since sentencing "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Defendant's argument lacks merit for several reasons. First, Defendant has not shown that his sentence is "unusually long," aside from conclusively claiming as much. ECF No. 684 at PageID.5393. Although over 30 years is undoubtedly a long sentence, nothing suggests it is *unusually* so in light of Defendant's offense conduct and criminal history. *Compare United States v. Mitchell*, No. 1:12-CR-20332-01, 2024 WL 3673533, at *4 (E.D. Mich. Aug. 6, 2024) (denying compassionate release when defendant did not "demonstrate that his 35-year sentence was unusually long) *with United States v. Brown*, 2:95-CR-66(2), 2024 WL 409062, at *7 (S.D. Ohio Feb. 2, 2024) (finding a defendant's 119-year sentence was unusually long, in part because the government conceded that defendant's conviction "did not warrant a sentence of over 100 years" and because "the average federal sentence" for similar crimes was 21 years)).

Second, Defendant cites no change in the "law"—at least not the "law" the Sentencing Commission referred to in its amendment to § 1B1.13(b)(6). Instead of citing legislative enactments, Defendant points to the Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. 99 (2013) and *Johnson v. United States*, 576 U.S. 591 (2015). ECF No. 684 at PageID.5393–

95. But these decisions did not change the law—they clarified how the law should be interpreted. Defendant does not argue this point, and instead claims that, in light of *Alleyne* and *Johnson*—both decided after his sentencing—this Court committed "clear error" at his sentencing. *Id.* at PageID.5393–94. Although this argument may be cognizable in a motion to vacate under 28 U.S.C. § 2255, it is not cognizable in the context of compassionate release under 18 U.S.C. § 3582. *See United States v. Wesley*, 60 F.4th 1277, 1284–86 (10th Cir. 2023) (holding that "§2255 is . . . the vehicle by which federal prisoners must raise challenges to their convictions or sentences" and rejecting a defendant's efforts to repackage his § 2255 arguments in a motion for compassionate release, especially since § 2255 places restrictions on timing and the ability to file successive motions); *accord United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021) (finding that, compared to compassionate release, § 2255 is the "more specific statute that takes priority" when a defendant argues their sentence was erroneous, additionally noting that prisoners cannot "avoid the specific habeas restrictions by resorting to compassionate release").

Alternatively, even if *Alleyne* and *Johnson* were considered changes in the law for the purposes of §1B1.13(b)(6) and compassionate release, Defendant has not shown that these decisions would result in a gross sentencing disparity warranting compassionate release. Nor could he.

Start with *Alleyne*. There, relevantly, the Supreme Court held "facts that increase [a defendant's] mandatory minimum sentence" must, like the underlying elements of the offense, "be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 108 (2013). But this rule is not retroactive. *In re Mazzio*, 756 F.3d 487, 490 (6th Cir. 2014). And the Sixth Circuit recently affirmed that nothing in the Sentencing Commission's amendment to § 1B1.13 overruled or undermined well-established circuit precedent that nonretroactive

changes in the law are neither extraordinary nor compelling to warrant compassionate release. *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025) (citing *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc)).

Turn to *Johnson*. There, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [(ACCA)] violates the Constitution's guarantee of due process." *Johnson v. United States*, 576 U.S. 591, 606 (2015). Unlike *Alleyne*, the Sixth Circuit has recognized *Johnson*'s retroactivity. *In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015). But the Sixth Circuit has already held—in the above-captioned case—that "Defendant's status as an armed career criminal does not affect his sentence" because, even ignoring his ACCA enhancement—which did not turn on the unconstitutional residual clause, *see* PSR ¶ 144—his higher criminal history score, "independently place[d] him in a criminal history category of VI." *United States v. Ocampo*, 402 F. App'x 90, 106 (6th Cir. 2010); *see also* PSR ¶ 145 (applying Defendant's base offense level under U.S.S.G. § 4B1.4). So even assuming *Johnson* is a cognizable "change in the law," Defendant has not shown a "gross disparity" between the sentence he is serving and one he would receive if sentenced today. U.S.S.G. § 1B1.13(b)(6).

In short, Defendant has not shown any extraordinary and compelling reasons warranting his compassionate release.

### D. Sentencing Factors

But even if he had, his motion for compassionate release still fails. The sentencing factors enumerated in 18 U.S.C. § 3553 do not support his release.

The burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." While this Court must consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a), it need not specifically articulate its analysis of every single

§ 3553(a) factor if the record as a whole demonstrates that the pertinent factors were taken into account." *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020).

The pertinent § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
    . . . .
(5) any pertinent policy statement—
    . . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This Court has already sentenced Defendant after considering the § 3553(a) factors. This "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). And Defendant has not demonstrated any flaw in this Court's analysis.

The seriousness of Defendant's offense can hardly be understated. For over a year, Defendant participated in a massive drug trafficking enterprise that funneled over 150 kilograms of cocaine and 13,000 kilograms of marijuana into Michigan communities. *See United States v. Ocampo*, 402 F. App'x 90, 92–93 (6th Cir. 2010); *see also* PSR ¶ 119–20 (noting Defendant

distributed 10 kilograms of cocaine per month and sold 30,000 pounds of marijuana during the "15 months prior to his arrest"). Defendant's role was distinct: he supplied the drugs to the Michigan-based distributors and traveled out-of-state over 28 times to ensure a steady supply. *See* PSR ¶¶ 29–30, 52. Defendant's conduct was violent: he kept three firearms and "more than 1,200 rounds of ammunition" close by. *See Ocampo*, 402 F. App'x at 94. And his crimes were far from victimless. *United States v. Green*, 532 F.3d 538, 549 (6th Cir. 2008) ("Society as a whole is the victim when illegal drugs are being distributed in its communities.").

Defendant's criminal history is similarly serious. Defendant's criminal history spans two decades and features nearly 15 adult convictions. *See* PSR ¶¶ 149–95. Many convictions involve breaking and entering. *See id.* Others involve firearms. *See id.* And Defendant committed the indicted drug trafficking offense while on supervised release for a prior conviction. *Id.* ¶ 196.

There's more. Defendant has nearly 10 years remaining on his prison sentence. *See* ECF No. 689-2 at PageID.5452. This weighs heavily against his release. Indeed, the Sixth Circuit has repeatedly affirmed denials of compassionate release under § 3553(a) when the defendant has a long remaining sentence because the original sentence already reflects the district court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a)(2)(A). *See United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020);

Yet Defendant argues the sentencing factors support his release because he "is 60 years of age (an old man)" and has engaged in "post-enforcement rehabilitation efforts." ECF No. 684 at PageID.5395. But, the last time Defendant sought compassionate release, this Court held "his 59 years on Earth do not tip any [sentencing] scales." *United States v. Ocampo*, 650 F. Supp. 3d 578,

586 (E.D. Mich.). His now-61 years on Earth do not, either. And although this Court has—and continues to—commend Defendant on his rehabilitation efforts, this Court has rejected such efforts as insufficient, and Defendant has not identified any new effort for this Court to consider. *See id.*; *see also Mahan v. Douglas,* 643 F.Supp.3d 783, 785 (E.D. Mich. Dec. 1, 2022) (noting education and employment efforts are "expected of all inmates").

On balance, a fresh consideration of the § 3553 sentencing factors does not favor Defendant's release. In sum, Defendant has shown no extraordinary or compelling reasons to justify his compassionate release, and his release is not otherwise warranted under the § 3353 factors. So his motion for compassionate release will be denied, and his ancillary motion for counsel will be denied as moot.[3]

### III. Defendant's Motion for Bail

On March 11, 2025, Defendant filed a *pro se* "Motion for Bail Under 18 U.S.C. § 3143." This motion lacks merit. For starters, 18 U.S.C. § 3143 does not provide authority for the relief Defendant seems to seek. That statute governs a defendant's release and detention pending a *sentencing hearing* or *appeal*—neither of which is at hand, here. *See generally* 18 U.S.C. § 3143. Moreover, Defendant's "Motion for Bail" is simply a repackaged motion for compassionate

---

[3] Even if it were not moot, this Court would deny Defendant's motion for appointed counsel on the merits. At this post-conviction stage, long beyond his first direct appeal, the Sixth Amendment only affords Defendant appointed counsel if such appointment is in the interests of justice or required as a matter of due process. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In other words, appointment of counsel at this stage is only warranted to assist a financially unable defendant in arguing a complex issue that the defendant would have a reasonable chance of winning with the assistance of an attorney. *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). But here, motions for compassionate release do "not involve complex facts or legal doctrines that would prevent Defendant from effectively bringing the claim on [his] own behalf." *United States v. Johnson*, No. 19-20569, 2020 WL 7240902, at *1 (E.D. Mich. Dec. 9, 2020). Indeed, Defendant recognizes that his motion was "simplistic." ECF No. 692 at PageID.5489. And, as explained, Defendant's motion was unsuccessful. *See supra* Part II.

release. Indeed, he makes the same argument this Court rejected above: under U.S.S.G. § 1B1.13(b)(6) "extraordinary and compelling" circumstances warrant his release. *See* ECF No. 693 at PageID.5493–95. For these reasons, Defendant's Motion for Bail will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 684, is **DENIED.**

Further, it is **ORDERED** that Defendant's Motion for Appointed Counsel, ECF No. 692, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Defendant's Motion for Bail, ECF No. 693, is **DENIED.**

Dated: July 21, 2025                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge